# 11-21922-CV-COOKE/TURNOFF

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by _____ *AL* _____ D.C.

MAY 2 7 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

THOMAS SCOTT WITTBOLD                    Case no.

    Plaintiff,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

CIVIL RIGHTS VIOLATIONS FRAUD NEGLIGENCE OF DUTY

MONEY DAMAGES AND CRIMINAL LAW ENFORCEMENT

vs.

JOE A. MARTINEZ in his official capacity as Chairman of MIAMI-DADE COUNTY

BOARD OF COUNTY COMMISSIONERS AND HIS NAME REPRESENTS THE

VACANT OFFICE OF THE MAYOR OF MIAMI-DADE COUNTY FLORIDA

JACK KARDYS in his official capacity as Director of  MIAMI-DADE COUNTY PARKS

AND RECREATION WITHIN THE STATE OF FLORIDA

SHIRLEY MASON and RICHARD MASON in in their individual persons

and each in their official capacities and common enterprise, a.k.a. S.F.F.B. et al.

Defendants,


1. Comes now the plaintiff, Thomas Scott Wittbold before this Honorable Court the,

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

having proper jurisdiction over this case. Plaintiff, DEMAND FOR TRIAL BY JURY.

Plaintiff, request Certification of Class to convert this action to A CLASS ACTION.

2. The plaintiff is requesting relief, from the actions of the named defendant and their enterprise in the above captioned Complaint, in the form of; injunctive relief, declaratory relief and judgement in favor of the plaintiff's causes of action and any other forms of relief this Honorable Court may provide. Plaintiff is requesting exemplary, compensatory, punitive, and statutory money damages. The Honorable Court it is prayed, will take affirmative and protective, actions to set right the injustice suffered by plaintiff and his class, together with counsel fees and all costs of litigation. Plaintiff, If it pleases this Honorable Court, may join other defendants or participants or instrumentalities of the State of Florida Government, acting in concert contract or benefit with defendant, or defendant enterprise and or additional Class Action plaintiffs, as this Honorable Court may consider appropriate. Plaintiff is a representative member of his Class, requesting Certification of the Naturism class.

3. Defendant it is alleged participated in a pattern of fraudulent noncompliance with the laws of the Land, Sate of Florida, and Miami-Dade County Florida. Defendant fraud with prejudice is common place manor of defendant business and enterprise, affecting interstate commerce, and infringing upon the security religious practice and welfare of the plaintiff and his class, unconstitutionally restricting the civil rights of United States citizens. Defendant and enterprise illegally used false claims and intimidation to; exclude, confine and restrict plaintiff's class, use of public lands and facilities in tortious interference with the civil and religious rights of plaintiff and his class, in violation of the First, Fourth, Fifth, and Fourteenth Amendment of the United States Constitution.

JURISDICTION

4. This case arises under the United States Constitution and the laws of the United States and presents Federal questions within the Courts Jurisdiction; 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1343, 42 U.S.C. Sec. 1983, 42 U.S.C. Sec. 1985, 18 U.S.C. part 1 chapter 47 Sec. 1018 and 1028, 18 U.S.C. Sec. 241, 18 U.S.C. Sec. 242, 18 U.S.C. Sec. 245, 18 U.S.C. Sec. 247, 18 U.S.C. Sec. 249, 5 U.S.C. Sec. 552a, 18 U.S.C. 1962, 15 U.S.C. Sec. 687f. Religious Freedom Restoration Act of 1993, the Civil Rights Act of 1991, the Costal Shorelines Protection Act, the First, Fourth, Fifth and Fourteenth Amendment of the United States Constitution. The Universal Declaration of Human Rights 1948 and the United Nations Resolution 1994/ 35 March 1994 (E/CN 4/ 104 annex) Articles; 8, 11, 25 et al. Class Action F.R. civ. P. Rule 23. Jurisdiction and Venue is properly vested in the United States District Court for the Southern District of Florida.

5. This Honorable Court has the authority to grant declaratory relief under the Declaratory Judgement Act, 28 U.S.C. Sec. 2201et seq. and to grant the other forms of relief requested by plaintiff.

PARTIES

6. Plaintiff THOMAS SCOTT WITTBOLD is a United States citizen who resides in

Sunny Isles Beach in Miami Dade County Florida. Office at 400 Kings Point Drive,

#1504 Sunny Isles Beach, Florida 33160. Telephone no. 786 286 2921

email: thomas.wittbold@live.com

7. Defendant JOE A. MARTINEZ  is sued in his official capacity as CHAIRMAN OF THE

BOARD OF MIAMI-DADE COUNTY BOARD OF COUNTY COMMISSIONERS Mr.

Martinez name further is used to represent the currently vacant position of the OFFICE

OF MAYOR OF MAMI-DADE COUNTY FLORIDA to be elected, former Mayor Carlos

Alvarez is named as a participant in this action the replacement Mayor of Miami-Dade

County when elected will be named and joined to this action as a defendant. Joe A.

Martinez is a United States citizen residing in Miami Dade County Florida, with office

located at 111 NW 1st Street, Suite 220 Miami Florida 33128  Ph. 305-375-5511, Fax

305-375-5883, Email officeofthechair@miamidade.gov. Mr Martinez is charged with

negligence of duty as an elected Official within the State of Florida overseeing Miami-

Dade County Florida who took oath and has duty to protect defend, and uphold the

Constitution of the United States.

8. Defendant JACK KARDYS  is sued in his official capacity as Director of MIAMI-

DADE COUNTY PARKS AND RECREATION WITHIN THE STATE OF FLORIDA as

represented by its DIRECTOR JACK KARDYS. Mr. Kardys is a United States citizen

residing in Miami-Dade County Florida, with office located at 275 N.W. 2nd Street

Miami Florida 33128. Telephone 305 755 7800. web site www.miamidade.gov/parks/

parks/hauloverpark._asp. Mr Kardys is an active participant  and represents

instrumentalities of the State of Florida below him and above him, and

lands under his supervision. Participant(s) acting wrongfully with defendant Jack

Kardys; Steven Boucher and Boucher Brothers commercial tenant of Miami-Dade

County Parks and Recreation, Allen Wheitzel Miami-Dade County Parks and

Recreation District 4 Manager, Tabatha Russell Miami-Dade County Parks and

Recreation security with Miami-Dade County Police Officer Devaro, Mike Dmytriw

Miami-Dade County Parks and Recreation Haulover Park Manager, South Florida

Free Beaches defendant participant Shirley Mason and defendant Richard Mason,

and other Participant Parties to be named, acting under the authority of or in concert

with defendant Jack Kardys control and enterprise, overseen by defendant Jack

Kardys. Mr. Kardys predecessors initiated a policy of unconstitutional discrimination

against the plaintiff and his class civil and religious rights while Mr. Kardys rose

through the ranks to become Director of Miami-Dade County Parks and Recreation he

was a participant in that enterprise and as Director he has continued the enterprise of;

restriction and confinement discrimination, intimidation by threat, commercialization

defacement invasion of property in plaintiff's class place of worship and fellowship.

9. Defendant SHIRLEY MASON and Defendant RICHARD MASON, are United States citizens, a married couple residing in Miami-Dade County Florida, with their principle place of businesses located 10800 Collins Avenue, Miami Florida together acting as active participants in concert, as SOUTH FLORIDA FREE BEACHES et al are individually each sued personally and in their individual official capacity acting in concert in their official capacity and individually in their personal and business ventures and enterprises: South Florida Free Beaches, a.k.a. B.E.A.C.H.E.S., a.k.a. Beaches Foundation, a.k.a. L.D.P.A. Foundation, a.k.a. F.N.A., a.k.a. www.sffb.com defendant participant et al per defendant Website. P.O. Box 530306 Miami Shores Florida 33153, www.sffb.com web site, telephone number 305 620 7090.

10. Plaintiff's Notice to Parties or reader by this reference incorporates; in reading and answer to plaintiff's Complaint Named defendant or participant, after the word defendant (insert respondent first and last name, if last name appears add first name) The words (plaintiff alleges) at all times precedes the word defendant or participant. This format allows each of the Parties named as a defendant or participant, and those to be named, to each respond to plaintiff's Complaint allegations in a unified Complaint format, if it please this Honorable Court. The individual actions of defendant or participant are alleged by plaintiff to be part of a common, unconstitutional corrupt and fraudulent enterprise. Plaintiff incorporates by this reference; all participants under the control or authorization of a named defendant or predecessors from July 14, 1991 are participant PARTIES implicated as having contributed to the injury of plaintiff class.

11. Plaintiff's class is, the " Naturism Class " represented by plaintiff as a PARTY of common interest in; civil rights, use of property, spiritual religious practice and posterity within the State of Florida and nationally within the United States of America. The plaintiff's class includes class members from all 50 U.S. States and many foreign countries, each having suffered the same proximate cause of injury to their civil rights as the plaintiff in this case. Defendant prejudicial discrimination against the plaintiff class civil rights and practice of religious beliefs within the State of Florida is unconstitutional. The named defendants and participants in this case represent the anti Naturism discrimination of the " antagonist Naturist class " who deprive restrict pray upon and unconstitutionally disenfranchise the plaintiff and the Naturism class of United States citizens from their freedom of religion and allowed civil rights of plaintiff and his class. The members of plaintiff class are so numerous that joinder of all parties is impractical. Plaintiff's Complaint serves to protect himself and his class from the named defendants and participants in Miami-Dade County and further within the State of Florida. The Constitution of the United States strict security of U.S. citizens civil and religious rights, protections and immunities have been unconstitutionally infringed upon by defendant antagonist Naturist class, in restriction of the civil and religious rights of plaintiff and his class. The local Miami-Dade County defendant conduct exemplifies the prejudice suffered by plaintiff and his class within the State of Florida and Nationally within all of the individual U.S. States that is unconstitutional.

12.  Plaintiff's Complaint terms refer to; the State of Florida owned public Beach as the subject Beach and Miami-Dade County owned Haulover Park, as the subject Park. The total combined land areas are referred to as, the Beach-Park Land area, comprising 177 acres. The location of Haulover Beach Park, the subject Park is 10800 Collins Avenue, Miami Florida, the subject Beach is located across Collins Avenue stretching one and one half miles along the Atlantic Ocean, areal photograph and Maps from defendant web sites are attached. Within the Beach-Park Land area, the subject confinement area is Located on I/6th of the subject Beach Land area, approximately on 3 acres or 2% of the total 177 acre Beach-Park Land area. The defendant constructed subject confinement area is designed to confine and exclude plaintiff's class in use of public lands and facilities by defendant unconstitutionally. In the year 1944 a civil rights struggle took place on the same subject Beach, where the black community was similarly confined there, as the only place in Miami that black citizens were allowed to go to the beach in 1944. In this litigation we revisit skin prejudice, again used to exclude and restrict a class of United States citizens. In 1944 because their skin was black and in 1991 because the plaintiff's class skin was all visible. The plaintiff class have used the subject Beach for the last quarter century or more, as a place to practice their belief and to worship in the form of Naturism. Defendant antagonist Naturist mirror the Beach-Park historic Racist skin prejudice of 1944. Plaintiff and his class suffers under the unconstitutional defendant prejudice of Skin, Gender and Religious discrimination.

14. Defendant has taken the law into their own hands to restrict United States citizens, civil rights unconstitutionally. The special needs and nature of plaintiff's class has never before been adequately fully represented to attain the constitutional protection that the subject Naturism class is entitled to; freedom of religion and separation of church and State in the Constitution of the United States. A published or non published, unconstitutional law, can not criminalize plaintiff's unclothed religious practice, by the defendant or by the State of Florida. The Honorable Court is requested to remove the unconstitutional threat of the use of force, where defendant or State will not. The Honorable Court is requested to decide in favor of plaintiff and the strict security of his class civil rights as having paramount importance in the United States of America. Forced body darkness anti nude law is unconstitutional State imposed religious prejudice. Defendant's false law schema conspiracy, is designed to exclude confine and restrict plaintiff's class of United States citizens civil rights unconstitutionally.  Defendant is using fraudulent threat of the use of force under the color of law to intimidate restrict and confine plaintiff and his class and egregiously defaces and destroys the plaintiff and class place of worship with profit driven commercialization disturbance prejudice harassment and intrusion upon the civil and religious rights of plaintiff and his class as the facts of the case articulate with clear and convincing proof of plaintiff's allegations.

## FACTS OF THE CASE

14. Plaintiff Thomas Wittbold, is a United States citizen concerned that the unconstitutional climate of body darkness prejudice, that pervades American society, toward United States citizens, who practice their civil rights and religious beliefs in their natural form, prevents and restricts plaintiff's class from enjoying their civil right to free exercise of religious beliefs and expressive association of plaintiff and his class, that prejudice undermines long settled constitutional civil and religious rights, of the plaintiff's class of many millions of United States citizens, who exercise their civil rights, and religious freedom in their natural form as a spiritually uplifting aspect of their lives.

15. No laws within the individual U.S. States, nor defendant policy of prejudice, aimed at restriction and erosion of the people's Constitutionally guaranteed civil rights, are as valuable and important to American society, as are the guarantees of the United States Constitution. Plaintiff today files this law suit because he believes, his class of U.S. citizens, civil rights are unconstitutionally prejudiciously, infringed upon by defendant instrumentalities of Miami-Dade County Government within the State of Florida.

16. The facts of this case are supported by prima facia evidence and plaintiff's on sight investigation, personal knowledge and a witness pool of literally millions of victims, Plaintiff's class. Plaintiff defines the essence of what is in dispute between the defendant and the plaintiff.

17. Defendant on July 14, 1991 participated in or allowed the placement of signs on public land of the subject Beach, owned by the State of Florida, on one side of these 6 signs is printed; CLOTHING OR SWIMSUIT REQUIRED BEYOND THIS POINT see attachment, defendant Mason web site where the organization admit that defendant posted confinement area does exist, and it was mutually constructed or allowed by defendant; Jack Kardys, Shirley Mason, Richard Mason in their parties mutual self interests, as one united enterprise and the organizations participated in or allowed implementation of a confinement area intended to restrict plaintiff and class, that is of prima facia evidence by defendant Mason web site and by physical examination of the subject Beach today. Defendant Jack Kardys organization, defendant Mason organization, together implemented the said plan, to prohibit nudity outside of the defendant posted confinement area. Defendant posted 6 more signs each placed in the reverse direction of the above said signs that are printed ATTENTION BEYOND THIS POINT YOU MAY ENCOUNTER NUDE BATHERS the derogatory language ENCOUNTER means a confrontation or unpleasant struggle and the signs, single out plaintiff's class unconstitutionally.

18. Defendant Mason South Florida Free Beaches web site admits that defendant July 14,1991 placed said signs and confinement area, the lower left quadrant of the first page, web site is printed this statement: " Prohibited nudity outside of posted area" Defendant Jack Kardys web site pages about Haulover Beach Park make no mention of nudity or the posted confinement area however defendant Jack Kardys allowed and

therefore participated in the defendant schema that placed snow fences and look alike law signs used in the subject confinement area and exclusion of plaintiff and his class from their lawful use of public lands and facilities unconstitutionally.

19. The central issue, in the civil rights infringement of plaintiff and his class by defendant confinement area poses a simple constitutional question. Is the defendant confinement area constitutional or is it unconstitutional? If a person went past or outside of the defendant confinement area, unclothed would the U.S. citizen be subject to arrest by the Miami-Dade County Police Department? The essence of the Case is before us now. Defendant (yes) they would be subject to arrest. Plaintiff (no) they would not be subject to arrest. If the answer is (no), the unclothed person would not be subject to arrest, then defendant confinement area, is unquestionably unconstitutional.

20. Miami-Dade County Police Lieutenant Vanessa Cook Supervising Police Officer in the subject Beach-Park Land area jurisdiction, stated to plaintiff October 10, 2010 when asked the central civil rights Question: Would you arrest a person for being nude anywhere in Haulover Park or on the Beach? Lieutenant Cook said " No, we would not arrest a person for being nude in Haulover Park or on the Beach, it is legal to be nude any place in the Park or on the Beach." The answer from the expert to the plaintiff's central civil rights issue is (No) it is not illegal. The confinement area and the exclusion of plaintiff and class are each unconstitutional. Singling out plaintiff's class to confine the class and exclude the class from the lawful exercise of their civil and religious

rights on public lands and facilities is illegal discrimination and fraudulent inducement

that obstructs justice 365 days per year, in completion of defendant schema of tortious

interference with the civil rights of plaintiff and his class. Lieutenant Cook said No and

the Courts say there is No need.

21. The Supreme Court of the State of Florida and State Courts have repeatedly ruled

that nudity is not in violation of the law because " nudity is not lewd, lascivious, or

indecent exposure. Clothing-optional recreation does not harm the public's health,

safety, welfare, or morals. There are no harmful " secondary contrary effects " of

skinny-dipping or the sight of a person in the natural state of being unclothed on a

public beach. THE PUBLIC HAS NOTHING TO FEAR FROM A LIVE NUDE BODY.

(Emphasis added.)  The Federal Court decision (Williams vs Hathaway 400F Supp.

122 {D. Mass. 1975}) held that, the right of a person to be nude, is a constitutionally

protected civil right. AN EXAMINATION OF THE BIBLE SHOWS THAT GOD CREATED

OUR BODIES AND THAT HIS CREATION WAS GOOD. The District Court for the

Northern District of Florida ruled that Florida anti nudity law violates the First and

Fourteenth Amendment of the United States Constitution.

22. Fact: Freedom of Clothing to plaintiff is an Integral fundamental Part of plaintiffs

freedom of religion. 100% of the subject Beach-Park Land area jurisdiction allows U.S.

citizens to enjoy, freedom of clothing, citizens may be clothed or unclothed freely.

Defendant conspired to unconstitutionally confine and exclude plaintiff and his class

with false threats made under the color of law, intending to restrict, confine, intimidate and prohibit plaintiff and his class from the free exercise of their allowed civil and religious rights of United States citizens. The central civil rights issue in plaintiff's Complaint is confirmed by Lieutenant Cook and Florida's Supreme Court and the Federal Courts. Clearly defendant, unconstitutionally excluded plaintiff class from their lawful use of 98% of the subject Beach-Park Land area, by threatening plaintiff's class into a 2% confinement area. Defendant fraudulently prohibits plaintiff's civil rights.

23. Defendant enterprise unconstitutionally "prohibit nudity outside of the posted area" arbitrarily fraudulently as defendant clearly has, where it is legal to be unclothed and before this Honorable Court the defendant confinement, intent and advertising are found in their root to be corrupt because they are unconstitutional fraud, obstruction of justice, employing the threat of the use of force. Then the defendant schema of prejudice shows a pattern of fraud that has perpetrated many serious crimes, against millions of U.S. citizens, for many years of fraudulent intent, schema and completion and proves defendant willfully violate the civil and religious rights of plaintiff's class, with vague false law used to intimidate, restrict, confine, exclude, and pray upon plaintiff's  class, unconstitutionally as alleged is proven by the plaintiff. Defendant Mason admit the facts of the case on their own web site.

24. Defendant instrumentalities of State Government engaged in fraudulent organized criminal activity, against the lawful civil rights of plaintiff's class, directly affecting millions of victims from 1991 through 2011. Defendant restricted United States Citizens into a cage and threatened them not to come out. Then defendant prayed upon plaintiff's class, defaced their church and invaded their worship, with discrimination, commercialization, surveillance, intimidation, oppression, harassment, intrusion. Defendant treats plaintiff's class as a commodity of trade between themselves defendant and participants, unconstitutionally exercise undue authority with willful negligence of duty for their own self interest born of prejudice and greed.

25. Defendant plays an unscrupulous game, with plaintiff's class civil rights, rigged in the manor of defendant infringement schema, using unfounded threat of the use of force under the color of law or State authority to chill the will of plaintiff and his class unconstitutionally. Defendant intends to exclude and restrict plaintiff's class, from their lawful use of public lands and facilities to intimidate plaintiff's class of United States citizens into submission by using, look alike law signs posted under the color of law or State authority, coupled with verbal threats of criminal prosecution, defendant rigged the game to take advantage of plaintiff and class by unconstitutional design and intent to confine and exclude plaintiff and his class falsely. Defendant is fraudulently and unconstitutionally restricting plaintiff's class civil rights and opportunity to participate.

26. Defendant Mason claimed to the people of plaintiff's class to have given them the 2% confinement area and built their business and personal fortunes upon untruthful dishonesty while receiving benefit protection and unfounded credibility from their coconspirator defendant Jack Kardys. The truth however is that defendant false law of prejudice subject confinement area excluded plaintiff and his class from their lawful use of 98% of the subject Beach-Park Land area unconstitutionally illegally and fraudulently, infringing upon the plaintiff's civil rights. Defendant Mason enterprise received special privilege and undue authority in conspiracy together and with Jack Kardys and his predecessors to confine and exclude plaintiff class unconstitutionally.

27. Defendant is conducting a scheme, affecting interstate commerce and U.S. citizens civil rights in their place of worship of plaintiff and his class, this must come to an end as plaintiff prays for just and appropriate relief. The plaintiff requests the Honorable Court for good cause to turn a deaf ear to defendant prayers to escape justice, allow plaintiff to bring this case to a jury, because defendant web site prove the plaintiff's central civil rights and fraud and obstruction of justice issues of this case as affirmed by Lieutenant Cook and the Federal Court and the Supreme Court of the State of Florida. Protect plaintiff and many millions of his fellow class members. Say in a loud and clear voice that, this form of discrimination and corrupt enterprise will not be tolerated by this Court. Allow plaintiff the opportunity to free himself and his class to the highest level this Honorable Court will consider and allow the Jury the opportunity to amerce defendant.

28. Defendant habit and pattern of non compliance with law is further evident in the fact that, defendant does not procure permits or play by the rules because defendant believes they are above the law. Issues at trial in part include also the following, defendant Misconduct: sale of alcoholic beverages without a permit or license with coverup in obstruction of justice that admitted defendant fraud and non compliance with law, bad faith in contracts and violation of environmental protection and conservation of natural resources, false deceptive or fraudulent advertising and promotion using the internet, U.S. mail, magazine, printed literature, telephone, verbal utterance making false confusing untruthful claims, fraudulent inducement, tortious interference with the civil rights of plaintiff and class as defendant or corrupt enterprise. Defendant failure to license or permit; no building permits, no food service permits, no alcoholic beverage permit, no massage parlor establishment license, no gambling permit, no permit or permission of the rightful owner of land to lease the land to third parties or build commercial structures on their property or the commercialization of natural protected land the subject Beach. Defendant contribution to the death of a homeless man by attractive nuisance structure, contributing to the beating of a homeless man by attractive nuisance structure.

29. Defendant misappropriate public funds for the people and use the money to build defendant stores and commercial businesses on the subject Beach, defendant takes the law into their own hands, defendant deface and destroy the nature ambiance peace and serenity of U.S. citizens place of worship. Defendant intimidate threaten

harass extort tamper with and assume undue authority over plaintiff's class in negligence of duty. Defendant say sell or promote one thing and do another. Defendant does not have the right to; enter into or continue any contract concerning the subject Beach that was made in bad faith or in any way injures Nature or interferes with the peace safety or reverence of plaintiff and class or upon the subject Beach. Defendant negligence of duty to be in compliance with law ordinance or code. Defendant discriminates with wanton prejudice against the plaintiff's class, to falsely intimidate by threat of strong arm use of force to oppress plaintiff and class. Plaintiff and class are common victims of defendant, pattern of fraud and obstruction of justice. neither the State of Florida or any defendant subdivision of same have the right to interfere with the allowed civil or religious rights of United States citizens. It is explicitly prohibited to the State or defendant subdivision of State to tortiously interfere with the security guaranteed to plaintiff's class in strict security and lineage of posterity forever in the First Amendment and preamble of the United States Constitution. The situation at hand is intolerable. Defendant must listen State of Florida subdivision defendant should be made to comply with the laws of the United State and the Constitution of the United States and State of Florida and international law and the United Nations Declaration of Human Rights.

30. Plaintiff requests this Honorable Court to consider the result and effect of injury plaintiff has suffered by defendant misconduct include; fraudulently induced infringement and restriction of plaintiff and class civil rights. Defendant tortious

interference with plaintiff and class civil rights and religious exercise causing plaintiff injury of; loss of opportunity, mental pain and suffering, harassment, disturbance of peace, endangerment of health safety and welfare, false confinement, humiliation, invasion of privacy, intimidation, prejudicial treatment, trespass and invasion of property usage rights, interference with prayer and worship, subjection to commercialization destruction and defacement of sacred historic Natural ground plaintiff's church and real religious property, anguish of subjection under hypocrisy, subjection to undue authority, governmental willful interference with plaintiffs life liberty and happiness, subjection to malicious and deleterious conduct, alienation of affection and genders, emotional trauma anxiety. The indignity of subjection to surveillance, exclusion, loss of freedom of; association, movement, speech, assembly, participation, opportunity, infringement of the exercise of religious beliefs freedom and liberty allowed of US. citizens, causing plaintiff and class loss of opportunity without  equal protection of law or substantive due process of law. Defendant fraud schema and prejudicial intent is to isolate confine exclude pray upon and disenfranchise by fraudulent intimidation plaintiff and his class unconstitutionally and must be and is repugnant to a free society of United States citizens.

31. Plaintiff's investigation is shared with the Department of Justice, and the FBI for criminal investigation and prosecution of plaintiff's allegations against the defendants. Plaintiff's investigation of defendant alleged civil rights violations, fraud, scheme and pattern of illegal activity in conspiracy against the civil and religious rights of plaintiff

and his class, of as many as 23.4 million directly effected victims, over the course of

19 years. Plaintiff has 22 years of on site experience, and plaintiff's continuing attempts

to resolve differences with the defendant. The Department of Justice and the FBI, each

said to plaintiff, after hearing plaintiff's allegations, " If what you are telling us is true,

you do not want us to prosecute the case, you should prosecute the case civilly on

your charges, there are huge amounts of money damages, and other forms of relief the

Court may provide to protect your class."

32. Freedom of Religion is explicitly protected in the First Amendment. Congress nor

the States may make any law restricting or prohibiting the free exercise of religion.

Plaintiff's religious practice has been prohibited by defendant within the State of

Florida unconstitutionally. Plaintiff's religious practice in the form of Naturism is

allowed of United States citizens, it can not be criminalized or prohibited by defendant

within the State of Florida, without violating the First and Fourteenth Amendment of the

U.S. Constitution.

33. Plaintiff and his class are guaranteed the strict security of their religious beliefs,

their unrestricted exercise of free expressive association of the genders in their natural

persons is an essential part of plaintiffs class exercise of spiritual and religious beliefs

in the unclothed form of Naturism, that is allowed of United States citizens.

The lower power of State or defendant subdivision of State may not prohibit the U.S.

citizen's allowed civil rights that are protected in the First Amendment, or the security of

the natural person's pursuit of a fulfilled happier healthier and more spiritually uplifting life. The State of Florida defendant does not have the right to criminalize plaintiff's exercise of his allowed civil or religious rights where the courts found, Florida's anti nudity law is unnecessary and unconstitutionally violates the First and Fourteenth Amendment of the United States Constitution, without substantive due process of law. The named defendant in the above styled Complaint, took the law into their own hands willfully and unconstitutionally, using look alike law signs and verbal threat of criminal prosecution to confine, exclude, deceive and threaten plaintiff's class prejudicially.

34. Plaintiff and his class remain trapped in fear of the defendant oppression and threat of the use of force, to unconstitutionally exclude restrict confine and disturb the civil rights and religious practice of plaintiff's class of United States citizens. Plaintiff's class deserve equal protection of law and security of their natural person's civil and religious rights guaranteed by the U.S. Constitution. This Honorable Court has the power to insure freedom of religion and freedom of clothing in the exercise of citizens spiritual or religious belief. Naturism has a constitutional place in a free American society. Naturism is a spiritual and religious practice reflecting Nature or the perfect image and will of God, depicted in Adam and Eve in their natural state unashamed and unafraid, that is permissible and allowed and protected by the Constitution of the United States, to each of it's citizens, including plaintiff and his class. Defendant within the State of Florida are themselves explicitly prohibited and barred from interfering with citizens First Amendment rights guaranteed by the United States Constitution.

35. The Fourth Amendment of the U.S. constitution provides for the security of the people, " The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated."
The people can not be secure in their persons, if they are not secure in the natural state of their person's body. If plaintiff's class are subject to arrest and imprisonment, or the threat there of, for being in the natural state of their persons unclothed, in the practice of their religious beliefs, or civil rights of plaintiff and his class, then that is unconstitutional defendant abridgment and unreasonable seizure by defendant of the security allowed of United States citizens. The civil rights of plaintiff's class are infringed upon by defendant restriction of the security of persons plaintiff and class in the allowed free exercise of their religious and civil rights in their natural state.

36. It is unreasonable seizure of U.S. citizens security, for defendant instrumentalities of the State of Florida, to even conspire or consider seizing or confining a citizen's person for being in their natural state, because freedom of clothing is every United States citizen's Constitutionally allowed birth right civil and religious right. The defendant has no constitutional right or compelling need to, restrict or imprison or interfere with United States citizens for being unclothed, injuring the plaintiff's class rendering their person and thus their civil rights insecure, unconstitutionally depriving plaintiff's class of, their civil liberty in the exercise of their spiritual or religious beliefs and their most fundamental civil rights. The human unclothed body is not, and can not be made criminal, lest no citizen be secure in the constitutional blessings of liberty

guaranteed in the preamble of the United States Constitution and in the First, Fourth

Fifth and Fourteenth Amendment. Naturism is God's perfect image and will for

humanity and every United States citizen's lawful civil right. Defendant has no right to

take the law into their own hands by unconstitutionally discriminating against plaintiff

and his class.

37. The Fifth Amendment insures due process of law, " nor be deprived of life, liberty or

property, without due process of law "  defendant prejudice is not due process of law.

Due process of law requires defendant, to first insure that the laws within their State do

not violate the civil rights of United States citizens or cause a restriction of liberty

allowed of U.S. citizens. Anti Naturism laws within the States ideology of body

darkness does violate the civil and religious rights of the people and plaintiff class,

because the anti nudity laws are unconstitutionally restrictive of citizens civil liberty to

practice their religious beliefs in their natural form of Naturism. Defendant false

confinement and false imprisonment in clothing with exclusion of plaintiff and his class

civil and religious rights, violates the plaintiff and his class in their Fifth Amendment

protections with out due process of law that demonstrates defendant prejudice and

discrimination against plaintiff and class. Plaintiff and class Fifth Amendment

protections are willfully infringed upon by defendant.

38. The Fourteenth Amendment Clauses.

 (1) " no State shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States "

(2)" nor shall any State deprive any person of life liberty or property without due process of law "

(3)  " nor deny to any person within its jurisdiction the equal protection of law "

39. Defendant make and enforce unconstitutional law within the defendant State of Florida, that abridged the privilege and immunities of plaintiff and his class of United States citizens. Criminalization of plaintiff's religion and the allowed civil rights of plaintiff and class freedom of clothing in exercise of civil or religious rights is unconstitutional criminalization and enforcement by defendant and by the State of Florida. Plaintiff's class civil and religious immunity and privilege is discriminated against and restricted based on gender and religious exercise of unclothed association with other genders within the State of Florida and by defendant prejudice. Defendant abridge the allowed privilege and immunities of plaintiff and class where the Fourteenth Amendment states, "no State shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States."

40.  Defendant, has willfully deprived persons within their jurisdiction of their liberty to practice Naturism and property usage rights of citizens access to and use of public lands and facilities in the practice of Naturism. Defendant and the State of Florida is

depriving plaintiff and class of the enjoyment of life liberty and property usage without due process of law. The Fourteenth Amendment prohibits that " nor shall any State deprive any person of life liberty or property without due process of law." Defendant infringes upon plaintiff and class by restriction of the use of public property and facilities in exclusion and confinement of plaintiff and class without substantive due process of law.

41. Defendant has willfully denied to plaintiff and class within the States of Florida jurisdiction equal protection of law, due to unfounded prejudice and discrimination against plaintiff and his class. The practice of civil or religious rights of plaintiff and the Naturism Class can not be and are not criminal, however State and defendant deny to plaintiff and the Naturism Class equal protection of law. Plaintiff and class strict security guarantees of the First and Fourteenth Amendment of the United States Constitution are infringe upon by defendant and by the State of Florida to persons plaintiff and class within the State of Florida jurisdiction and within defendant subdivision there of.

42. Plaintiff respectfully moves this Honorable Court to Certify the Naturism Class as a class of United States citizens recognized by the Court pursuant to Rule 23 Federal Rule of Civil Procedure, CERTIFY THE NATURISM CLASS and  bring an end to the unconstitutional inequity and deprivation of the civil rights of plaintiff's class. Plaintiff request class action, if certification of the class is approved by this Honorable Court.

43. This conclusion, the pecuniary or restrictive, antagonist naturist that would; treat the plaintiffs class as a commodity or prevent, interfere with or disrupt, deface, threaten, confine, or restrict, the Naturism class in practicing their allowed civil and religious rights of U.S. citizens by defendant violates the First, Fourth, Fifth, and Fourteenth Amendment of the United States Constitution.

44. This litigation serves to clarify the lingering vulnerability of plaintiff's class that by State authority amounts to, forced compliance with State prejudice, prohibiting the natural state of a person with unconstitutional law that intimidates plaintiff and his class and holds them in a disadvantaged position, a form of an unpublished Bill of Attainder of unenforceable law that this Honorable Court has the power to protect defend and uphold plaintiff's class in the exercise of their lawful civil rights and religious rights without fear of criminal prosecution or the threat of the use of force within the State of Florida or defendant subdivision there of.

45. Any citizen defendant or entity that would conspire or take action to restrict Naturism or the freedom of clothing required in the exercise of the allowed civil right to worship in the natural form of Naturism, Infringes upon plaintiff and class and every United States citizen's civil right and freedom to exercise their religious beliefs and civil rights allowed of U.S. citizens must not be abridged or restricted within the State of Florida or by defendant. It is unnecessary infringement and intrusion by defendant participant or State of Florida upon the civil rights of plaintiff and the Naturism class.

46. Imprisonment in clothing or jail is, restriction of birth right, restriction of expressive association between the genders, restriction of religious freedom, restriction of movement speech assembly and petition, restriction of body mind spirit and breathing, restriction of the use of public lands and facilities and private lands and or property, restriction of false confinement, restriction of the opportunity to participate, restriction of the person, restriction of a U.S. citizens allowed civil rights. These restriction's are not American nor are they Constitutional restrictions, they are anathema to the will of God and the Constitution of the United States. Defendant and participant misguided ideology of body darkness anti Naturism laws within the State of Florida alienate the genders and prevent plaintiff and class freedom of religion and exercise of the allowed civil rights of plaintiff and his class and violates the U.S. Constitution and the Constitution of the State of Florida Article I section; 2, 3, 4, 5, 9, 10, 12, 23. Article II section; 5, 7(a), 8. Article VIII section; 1(a)(f), 11, 18.

47. Plaintiff alleges defendant enterprise in part through intent and participant Tabatha Russell and participant Officer Devaro violate Florida Statute 836.05 Making Threats extortion. Pursuant to Fl. St. Title XIVII Chapter 914; sections .21, .22, .23, .24, .25. Plaintiff request protection from the continued harassment of plaintiff by defendant or participant. Further retaliation tampering or intimidation against plaintiff by the defendant or participant in one example as occurred on November, 14, 2010 in incident of record where defendant through their participant Tabatha Russell acting in concert with defendant participant Officer Devaro with out just cause or claim, singled

out the plaintiff intending to humiliate intimidate harass and threaten plaintiff. This incident is to be an issue at trial of this case in plaintiff's allegation of defendant pattern of tortious interference with the lawful civil rights of plaintiff and his class by defendant and participants. This Honorable Court is respectfully moved to restrain defendant or participants further harassment or intimidation of plaintiff victim witness informant to protect the plaintiff and his class. Defendant participants in concert of action, took criminal action against the civil rights of plaintiff, defendant participants and the above named defendant participants did make unfounded threats of criminal prosecution and threatened harassed and intended to intimidate plaintiff and class in a pattern of prejudice with fraud and intimidation. Tabatha Russell is a named participant that was hired by defendant Jack Kardys specifically to harass intimidate intrude upon plaintiff and his class and to invade the privacy peace and serenity of plaintiff and class in their place of worship within defendant unconstitutional subject confinement area, in fact that is her directive as evidenced by her conduct. Tabatha Russell it will be shown at trial, was wrongfully employed by defendant to carry out defendant prejudice against plaintiff and class unconstitutionally, because participant Russell was under trained and easily manipulated by defendant, where her personal desire to rule others, feeds her image of self empowerment, she violates plaintiff and class civil rights to privacy, peace, worship, dignity, respect, security, the right to be let alone, the right not to be interfered with or prejudicially harassed intimidated or confined by defendant or participant Tabatha Russell, that demonstrates a pattern of making threats and extortion with intimidation as part of defendant enterprise and discrimination.

48. Defendant and Defendant enterprise is in violation of International Resolutions pursuant to the Universal Declaration of Human Rights 1948 violation of Article; 1, 2, 3, 5, 7, 8, 9, 10, 11, 11(2), 12, 13, 18, 19, 21(2), 22, 30. United Nations Resolution 1994/ 35 March 1994 (E/CN 4/ 104 annex) Articles; 8, 11, 25, et al and the protection of victims and witnesses Human Rights there in specified.

49. Plaintiff is respectfully requesting this Honorable Courts Protection pursuant to the Religious Freedom Restoration Act of 1993 and appropriate relief to allow plaintiff and the Naturism Class to exercise their freedom of religion and allowed civil rights of United States citizens with absolute immunity and defense against defendant and State of Florida infringement and interference with the civil and religious rights of plaintiff and his class. The defendant without due process of law violates the civil rights of plaintiff and his class as a subdivision of the State of Florida and the State of Florida it was found by the Federal District Court, violated the First and Fourteenth Amendment rights of U.S. citizens when the State of Florida's anti nude law was found to be UNCONSTITUTIONAL. However plaintiff and class today remain unconstitutionally restricted by unconstitutional law within the State of Florida and its defendant subdivision took the law into their own hands of discrimination egregiously and fraudulently in contempt of; the Federal District Courts Judgement and the Supreme Court of the State of Florida Judgement and Declaration THE PUBLIC HAS NOTHING TO FEAR FROM A LIVE NUDE BODY. This Honorable Court it is prayed will provide plaintiff and the Naturism Class with just and appropriate relief.

50. Defendant in the above styled Complaint is CHARGED by Plaintiff with misconduct and correction pursuant to;

28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1343, 42 U.S.C. Sec. 1983 ss. (a),(a); (1), (2), (3), (4). 42 U.S.C. Sec. 1985; (2), (3). 18 U.S.C. part 1 chapter 47 Sec. 1018. and 1028. ss.; (a)(1)(2)(3), (a)(5), (a)(8), (b)(B), (b)(C), (b)(2)(A), (b)(2)(B), (b)(B)(3), (c)(3)(A), (d)(1), (d)(4), (d)(4)(A), (d)(5)(C), (d)(6)(A), (d)(6)(B), (d)(7)(B), (d)(9), (d)(10), (d)(12), (f). 18 U.S.C. Sec. 241, 18 U.S.C. Sec. 242, 18 U.S.C. Sec. 245, 18 U.S.C. Sec. 247, 18 U.S.C. Sec. 249 ss. (a)(1), (a)(A), (a)(2)(B)(i), (a)(2)(B)(II), (a)(2)(B)(ii), (a)(2)(B)(iv)(II), (b)(D), (c)(1)., 5 U.S.C. Sec. 552a, 18 U.S.C. 1962, 15 U.S.C. 687f. The Religious Freedom Restoration Act of 1993, the Civil Rights Act of 1991, the Costal Shorelines Protection Act, the Deceptive Trades Practices Act, the; First, Fourth, Fifth and Fourteenth Amendment of the United States Constitution. The Universal Declaration of Human Rights 1948 Article; 1, 2, 3, 5, 7, 8, 9, 10,11,11(2), 12, 13, 18, 19, 21(2), 22, 30. United Nations Resolution 1994/ 35 March 1994 (E/CN 4/ 104 annex) Articles; 8, 11, 25 et al, the Constitution of the State of Florida Article I section; 2, 3, 4, 5, 9, 10, 12, 23 and Article II sections; 5, 7(a), 8 and Article IV sections 1, 9, and Article VIII sections; 1(a)(f), 11, 18, Florida Statutes Consumer Protection Title XXXIII Chapter 501; sections .001 (1)(a), 1a, (c)2, .021, .022, .031, .046, .047, .055, .95, .135, .2015, .203, .204 .205, .206, .207, .2075, .2077, .208, .2105, .211, .95, Unfair Trade Practices Fl. St. sections 626.9927, 626.9521, Making Threats extortion Fl. St. 836.05, tampering Fl. St. 914; sections .21, .22, .23, .24, .25., False Pretense and Frauds Fl. St. 817; sections .02, .06, .13, .21, .29, .40, .44, .115, .561. Exploitation Fl. St. 812 sections 812.012 and

812.037, the Florida Civil Rights Act of 1992 Fl. St. Fl. St. 760. 01 section; (1), (2)(3) and 760.02 section; (1), (4), (5), (6), (10), (11), (11)(b), (11)(d), and 760.021 section; (1), (1)(a), (1)(b), (4), (5), and 760.07, 760.08, and 760.51 section; (1),(2)., Florida White Collar Victims Crimes Protection Act Fl. St. 775.0844 sections (2), (3)(a); (3)(4) (5)(8)(9)(10), (b), (c), (d), (d)(4), (d)(5); (a)(b)(c), (d); (6)(7)(8),(d)(8); (a)(b). and Fl. St. 775.085 section (1)(a), (2) and Fl. St. 775.0861 section (1)(a), (1)(b), (2)(f). Defendant Tortious Interference with the civil and religious rights of plaintiff and his class.

51. Plaintiff is requesting Declaratory and Injunctive Relief and Money Damages, for each of his Charges, causes of Action independent claims and the number of days upon which his civil rights or laws were violated by defendant as factors in plaintiff's formula of computation of money damages. Exemplary or punitive money damages are requested by plaintiff where defendant conduct is; wanton, willful, oppressive, prejudicial, and or discriminatory.

52. The punitive money damages award to plaintiff will be at the Jury's discretion in this case. Amercement due to defendant alleged misconduct under the circumstances and facts of the case would allow the Honorable Court or its authorized Jury to arbitrarily set money damages award amount in this case. Plaintiff is requesting personally 10 million dollars or more or less as determined money damages award buy the Honorable Court or Jury in this case. If class action is certified and the class

prevails the money damages for civil rights infringements and tortious interference with the civil rights of plaintiff's class together with the other CHARGES and Causes of Action contained in plaintiffs above styled complaint has literally millions of victims to be compensated, the money damages become staggering in the multiple of billions of dollars that the Jury could award as restitution compensation punitive or exemplary money damages to the plaintiff and Naturism Class.

53. The facts of the case should compel the Jury and this Honorable Court to send a loud and very clear exemplary statement, upholding the Constitution of the United States of America and the allowed civil and religious rights of Plaintiff and the Naturism Class of United States citizens. Defendant enterprise should remove all they have placed or allowed to be placed upon the subject Beach to return it to its mandated Natural state, free of any commercialization or interference by defendant or participant, to mitigate defendant ongoing damages liability and infringement of United States citizens civil and religious rights of plaintiff and his class, in their place and form of worship. Defendant should refrain from any further false claims or intimidation intrusion exclusion confinement or discrimination of or against plaintiff and class. Defendant JOE A. MARTINEZ should immediately exercise his Executive authority to cause an end to the, prima facia violation of the civil and religious rights of plaintiff and his class within Miami-Dade County and within the subject Beach-Park Land area. Stop the; discrimination, intimidation, restriction, intrusion, commercialization, false claims and civil rights infringements. Bring to an the defendant corrupt enterprise of

prejudice obstruction of justice and fraud. Joe A. Martinez in all instances of plaintiff's complaint is charged with negligence of duty to protect plaintiff and class from the actions of the other Named defendants and participants, however failure to act to stop the unconstitutional and illegal acts of defendant and participants under His control and authority after reading plaintiff's Complaint, will cause defendant Joe A. Martinez and the offices his name represents to be active willful Participants. If any form of retribution is undertaken by defendant or any instrumentality of Government to restrict plaintiff and class free exercise of religious beliefs because one harbors prejudice against plaintiff's class, such entity would exhibit prejudice and discrimination in violation of the First and Fourteenth Amendment of the U.S. Constitution and become willful participant defendant in all other Charges of plaintiff's above styled Complaint.

54. Plaintiff REQUEST TO OPPOSING or DEFENSE COUNSEL: to please list both positive and dispositive research findings side by side in defendant answer to plaintiffs Complaint, and in all defense pleadings in this case to provide hard copies of positive and dispositive findings and research attached to each submission in this case, to the Honorable Court presiding Judge and plaintiff, to insure a level playing field with the high purpose of Judicial integrity to protect United States citizens civil religious and lawful rights. The ethical and first responsibility of the Officer of the Court is to protect defend and uphold the Constitution of the United States, in light of the esteemed privilege enjoyed, as an Officer of this Honorable Court. Plaintiff thanks Defense or opposing Counsel, for their requested cooperation.

CAUSES OF ACTION

First Cause of Action

Violation of  Freedom of Religion, Speech, Assembly and Redress of Grievances in

Violation of the First Amendment of the United States Constitution

55. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 54,

above.

56. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON are each charged with infringement of the plaintiff and his class

civil rights pursuant to the First Amendment of the United States Constitution.

Freedom of Religion is explicitly protected in the First Amendment. Congress nor the

States may make any law restricting or prohibiting the free exercise of religion or the

freedom of speech, assembly or petition in redress of grievances with government.

Second Cause of Action

Exercise of Undo Authority in violation of the Peoples Right to be Secure

in their Person and Houses clause of the Fourth Amendment of the

of the United States Constitution

57. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 56, above.

58. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON are each charged with infringement of the plaintiff and class civil rights pursuant to the Fourth Amendment of the United States Constitution. The Fourth Amendment of the U.S. constitution provides for the security of the people, " The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated."

The people can not be secure in their persons, if they are not secure in the natural state of their person's body. If plaintiff's class are subject to arrest and imprisonment, or the threat there of, for being in the natural state of their persons unclothed, in the practice of their religious beliefs or civil rights by defendant infringement that is unconstitutional. It is unreasonable seizure of U.S. citizens security, for defendant instrumentalities of the State of Florida's confining a U.S. citizen for being unclothed in their Natural state, because it is every United States citizens Constitutionally confirmed allowed civil and religious right of plaintiff and class of U.S citizens.

Third Cause of Action

Violation of the Right to Due Process of Law in Violation

of the Fifth Amendment of the United States Constitution


59. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 58,
above.


60. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,
RICHARD MASON are each charged with infringement of the plaintiff and class civil
rights pursuant to the Fifth Amendment of the United States Constitution. The Fifth
Amendment insures due process of law clause. " nor be deprived of life, liberty or
property, without due process of law "


61. Due process of law requires defendant to first insure that their laws within the State
do not violate the allowed civil rights of United States citizens or cause a restriction the
liberty allowed of United States citizens. Anti Naturism laws within the States do violate
the civil and religious rights of the plaintiff and the Naturism Class, because the laws
are unconstitutionally restrictive of citizens civil liberty to practice Naturism. Defendant
false confinement and exclusion of plaintiff and his class infringes upon, the plaintiff
and his class in their Fifth Amendment protections without due process of law.
Defendant Parties are each so charged.

Fourth Cause of Action

Violation of Civil Rights Privilege, Due Process, Equal Protection, Clauses in

Violation of the Fourteenth Amendment of the United States Constitution

62.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 61,

above.

63. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON are each charged with infringement of the plaintiff and class civil

rights pursuant to the Fourteenth Amendment of the United States Constitution.

The Fourteenth Amendment Clauses.

(1) "no State shall make or enforce any law which shall abridge the privilege or

immunities of citizens of the United States"

(2) "nor shall any State deprive any person of life liberty or property without due

process of law"

(3) "nor deny to any person within its jurisdiction the equal protection of law."

The plaintiff and class protections of the Fourteenth Amendment, are violated by

defendant, causing injury and infringement of the civil rights of plaintiff and his class.

Defendant instrumentalities of State of Florida infringe upon the civil rights of plaintiff

and class pursuant to the Fourteenth Amendment of the United States Constitution.

Defendant Parties are each so charged.

Fifth Cause of Action

Violation of FEDERAL CRIMINAL CIVIL RIGHTS STATUTES in

Violation of CONSPIRACY AGAINST RIGHTS 18 U.S.C. section 241

64.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 63, above.

65. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON as alleged violate the FEDERAL CRIMINAL CIVIL RIGHTS STATUTE,  CONSPIRACY AGAINST RIGHTS , Title 18 U.S.C. section 241, " If two or more persons conspire to injure, oppress, threaten, intimidate any person in any State... in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same ..  They shall be fined under this title or imprisoned  Defendant Parties are each so charged under civil remedy and prosecution.

Sixth Cause of Action

Violation of FEDERAL CRIMINAL CIVIL RIGHTS STATUTES in

Violation of OFFICIAL MISCONDUCT 18 U.S.C. SECTION 242

66.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 65, above.

67. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON it is alleged violate FEDERAL CRIMINAL CIVIL RIGHTS STATUTES, OFFICIAL MISCONDUCT, Title 18 U.S.C. section 242,

" Whoever under the color of law, statute, ordinance..willfully subjects any person in any State ..to the deprivation of any rights, privileges, immunities secured to them by the Constitution of the United states,.." Where plaintiff and class were illegally deceived and intimidated under the color of law that infringed upon plaintiff and class civil rights, held in fear of arrest and imprisonment, held captive in their free will as chilled by defendant prejudicial Official Misconduct. Defendant confined and excluded plaintiff and his class by unconstitutionally taking the law into defendant's own hands, with a confinement and exclusion policy of extortion and discrimination against the allowed civil and religious rights of the plaintiff and his class of U.S. citizens. Defendant Parties are each so charged under civil remedy and prosecution.

Seventh Cause of Action

Violation of FEDERAL CRIMINAL CIVIL RIGHTS STATUTES in

Violation of FEDERALLY PROTECTED ACTIVITIES of the

FREE EXERCISE OF RELIGIOUS BELIEFS 18 U.S.C. SECTION 245

68.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 67, above.

69. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violate FEDERAL CRIMINAL CIVIL RIGHTS

STATUTES, FEDERALLY PROTECTED ACTIVITIES, Title 18 U.S.C. section 245

pursuant to (b)(1), (b)(1)(B),(b)(1)(E), (b)(2), (b)(2)(B)(E)(F).

"Whoever weather or not acting under the color of law, by force or threat of force

willfully injures, intimidates, or interferes with, or attempts to injure, intimidate or

interfere with any person because he is or has been, or in order to intimidate any other

person or class of persons from participating in or enjoying any benefit, service,

privilege, program, facility, or activity administered by the United States or any program

or activity receiving Federal financial assistance; or any person because of his race,

color, religion or national origin and because he is or has been participating in or

enjoying any benefit, service, privilege, program, facility or activity provided or

administered by a State or subdivision there of.. intimidate any other person or class."

Defendant Parties are each so charged under civil remedy and prosecution.


Eighth Cause of Action

Violation of FEDERAL CRIMINAL CIVIL RIGHTS STATUTES in

Violation of THREAT OF FORCE and DEFACEMENT AND DAMAGE of

RELIGIOUS REAL PROPERTY OF THE PEOPLE 18 U.S.C. SECTION 247

70.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 69,

above.

71. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violate FEDERAL CRIMINAL CIVIL RIGHTS

STATUTES, Title 18 U.S.C. section 247 (a) (2), (c), (d).

" Whoever intentionally obstructs, by force or threat of force, any person in that

person's enjoyment of that persons free exercise of religious beliefs, or attempts to do

so; shall be punished as provided in subsection (d)". Defendant Parties are each so

charged under civil remedy and prosecution. Defendant intensionally deface and

damage the religious real property of plaintiff and class place of worship by intrusion

and defacement of the Nature of the subject Beach with commercialization that deface

and damage the natural beauty peace safety tranquility and reverence of the place of

worship of plaintiff and millions of members of his class. Defendant Parties are each so

charged under civil remedy and prosecution.


Ninth Cause of Action

Violation of INTERFERENCE WITH THE EXERCISE OF RELIGIOUS

BELIEFS and DESTRUCTION OF RELIGIOUS PROPERTY in

violation of TITLE 42 U.S.C. SECTION 3631


72. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 71,

above.

73. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violate FEDERAL CRIMINAL CIVIL RIGHTS

STATUTES, INTERFERENCE WITH THE EXERCISE OF RELIGIOUS BELIEFS and

DESTRUCTION OF RELIGIOUS PROPERTY Title 42 U.S.C. section 3631 (a), (b) (1),

(2) (c); Defendant Parties are each so charged under civil remedy and prosecution.

Defendant Interfered with the exercise of religious beliefs of plaintiff and his class and

defendant destruction of the Nature of the subject Beach's beauty splendor, peace

safety and reverence by defendant wanton commercialization of plaintiff's class place

of worship. Defendant Parties are each so charged under civil remedy and

prosecution.

### Tenth Cause of Action

### Violation of FRAUD IN OFFICIAL CERTIFICATES AND WRITINGS in

### violation of TITLE 18 U.S.C. PART 1 CHAPTER 47 SECTION 1018

74. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 73,

above.

75. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violated TITLE 18 U.S.C. PART 1 CHAPTER 47

SECTION 1018 Official Certificates or writings. Defendant Parties are each so

charged under civil remedy and prosecution.

Eleventh Cause of Action

Violation of FRAUD AND RELATED ACTIVITY IN CONNECTION WITH

IDENTIFICATION DOCUMENTS, AUTHENTICATION FEATURES AND INFORMATION

in violation of TITLE  18 U.S.C. PART I CHAPTER 47 SECTION 1028

76.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 75,

above.

77. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violated TITLE 18 U.S.C. PART 1 CHAPTER 47

SECTION 1028 section; (a)(1)(2)(3), (a)(5), (a)(8), (b)(B), (b)(C), (b)(2)(A), (b)(2)(B),

(b)(B)(3), (c)(3)(A), (d)(1), (d)(4), (d)(4)(A), (d)(5)(C), (d)(6)(A), (d)(6)(B), (d)(7)(B),

(d)(9), (d)(10), (d)(12)(A),(f). Fraud and related activity in connection with identification

documents, authentication features, and information. Defendant Parties are each so

charged under civil remedy and prosecution.

Twelfth Cause of Action

Violation UNLAWFUL ACTS BY OFFICERS DIRECTORS EMPLOYES OR AGENTS

in Violation of 15 U.S.C. 687f

78.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 77,

above.

79. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON UNLAWFUL ACTS AND OMISSIONS BY OFFICERS,

DIRECTORS, EMPLOYEES, OR AGENTS 15 U.S.C. SECTION 687f sections (a), (b),

and (c): plaintiff alleges defendant breach of trust breached their fiduciary duty and or

acted dishonestly or fraudulently and caused or participated in causing plaintiff's class

damage in their civil rights and use of public land and facilities and damage to natural

resources. Defendant fraudulent inducement of dishonestly omit the truth that the

natural unclothed state of a person is and was legal on all 177 acres of the subject

Beach-Park Land area, not just within the 2% defendant false confinement area.

Defendant omission and coverup of the truth was willful fraudulent and scheme driven,

to exclude confine and restrict plaintiff and class. The defendant willfully violated their

public trust and the law, by omitting the truthful facts and commercially defendant

destroys the subject beach they are mandated by law, code ordinance and duty to

conserve in a natural state. 15 U.S.C. SECTION 687f, where disqualification for breach

of trust by official tort prevents defendant officers from running or conducting the affairs

or management of their office or enterprise. Defendant Parties are each so charged

under civil remedy and prosecution.


### Thirteenth Cause of Action

### Violation of  FALSE PRETENSE AND FRAUDS in

### violation of FLORIDA STATUTES FALSE PRETENSE AND FRAUDS CHAPTER 817

80.  PLAINTIFF incorporates by reference the allegations in paragraphs 1-79, above.

81.  Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON it is alleged have violated  FL. ST. FALSE PRETENSE AND FRAUDS CHAPTER 817 pursuant to sections  .02, .06, .13, .21, .29, .40, .44, .561.  Defendant Parties are each so charged under civil remedy and prosecution.

Fourteenth Cause of Action

violation of FREEDOM OF INFORMATION in

Violation of THE FREEDOM OF INFORMATION ACT 5U.S.C. 552a

82.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 81, above.

83. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON it is alleged violated 5 USC 552a, the Freedom of Information Act and the Fifth amendment of the U.S. Constitution with vague discriminatory law unpublished in the National Register. Defendant violated the law when defendant took the law into their own hands, unconstitutionally without substantive due process of law. Defendant Parties are each so charged under civil remedy and prosecution.

Fifteenth Cause of Action

Violation of DISCRIMINATION BASED IN GENDER AND OR RELIGION in

violation of THE CIVIL RIGHTS ACT OF 1991

84.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 83,

above.

85. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violated the Civil rights Act off 1991 as stated and or

the preexisting Civil Rights Act of; 1866, 1871,1964. Plaintiff's allegations of

discrimination based on gender by defendant explicitly violates the Civil Rights Act of

1991 where, defendant prejudice unconstitutionally intends to prevent free association

of the plaintiff and his class based on gender because a divergent gender might or

could see the divergent or opposite gender unclothed, and such gender discrimination

is unconstitutional. Defendant confinement and exclusion of plaintiff and his class

discriminates based on gender. If all Americans were male, there would be no anti

nude laws within the States because the opposite gender could not see the nude

males, no enforcement of anti nudity laws within a State would be enforced. Gender

based prejudice prevents plaintiff and his class from the exercise of their religious

beliefs in Naturism and their allowed civil right to be or not to be clothed in their

expressive free association of plaintiff's class members without restriction based in

gender in their natural Godly state of worship life or recreation. Defendant threat of the

use of force, prejudice confinement and exclusion of plaintiff and his class

discriminates based on gender and religious beliefs unconstitutionally, and is explicitly

prohibited. Unconstitutional discrimination based on gender under the Civil rights Act

of 1991.

Sixteenth  Cause of Action

Violation of CONTRACT DUTY OATH OR MISSION WITH NEGLIGENCE in

violation of GOOD FAITH AND FAIR DEALINGS IN CONTRACTS

86.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 85,
above.

87. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violated CONTRACT OBLIGATIONS in negligent of

compliance with good faith and fair dealings implied in all U.S. Contracts. Defendant

tortious breach of duty to faithfully protect defend and uphold the Constitution of the

United States of America, to faithfully execute their official duty oath and promises of

contract office or employment, to make contracts in bad faith with or as vendors that

deface and destroy nature and violate the civil and religious rights of plaintiff and his

class that disrupt the peace safety and welfare of plaintiff and class. Defendant engage

in discrimination in the making and selection of contract recipients, make false claims

and dishonest statements in contracts and violate their own published mission

statements. Awarding contracts while preventing due process and equal protection of

the law or adherence to good faith and fair dealings defendant and named participants

are negligent or tortiously interfere with, compliance with good faith or fair dealings in

contracts; employment, vendor, non profit, Federal Funding, State of Florida Funding,

Community Grant, Maintenance Agreement, the Constitution and Laws of the State of

Florida and Federal laws and the U.S. Constitution that imply good faith and fair

dealings in all of these Contracts or others that plaintiff will identify in discovery in this

case where defendant or participant engage in or execute contracts in bad faith.


88. Plaintiff and class are injured in their expectation of fair play and honest dealings

in defendant related contracts that effect fraudulent inducement that result in loss of

opportunity and invasion of property rights by defendant and participants bad faith.


## Seventeenth Cause of Action

Violation illegal misconduct Deceit Frauds or Swindles with Prejudice in

Violation of the WHITE COLLAR CRIME VICTIMS PROTECTION ACT Fl. St. 775.0844

with Prejudice Fl. St. 775.085 and Fl. St. 775.0861


89. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 88 ,
above.


90. Defendant Parties; JOE A. MARTINEZ,  JACK KARDYS,  SHIRLEY MASON,

RICHARD MASON it is alleged have violated the WHITE COLLAR CRIME VICTIMS

PROTECTION ACT FL. ST. 775.0844 pursuant to plaintiff's allegations the defendant

has with accomplices deprived the plaintiff and his class of the use of public lands and

facilities by fraudulent exclusion and confinement, causing the victims to loose the use

and benefit of a substantial amount of property by defendant; misuse of office,

conspiracy, fraudulent practices, swindle, deception, computer-related crime,

racketeering, exploitation of the elderly, with prejudice and discrimination;

91. Defendant conspiracy to commit illegal acts or the execution of such acts are

qualified as aggravated white collar crime. Pursuant to Fl. St. 775.0844 sections (2),

(3)(a); (3)(4)(5)(8)(9)(10), (b), (c), (d), (d)(4), (d)(5); (a)(b)(c), (d); (6)(7)(8),(d)(8); (a)(b).

and with Prejudice Fl. St. 775.085 section (1)(a), (2) and in violation of Fl. St. 775.0861

section (1)(a), (1)(b), (2)(f) Defendant Parties are each so charged under civil remedy.

Eighteenth Cause of Action

DECLARE THE NATURISM CLASS AS A PROTECTED CLASS

under the RELIGIOUS FREEDOM RESTORATION ACT OF 1993.

92. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 91,
above.

93. Declare that Plaintiff's class must no longer be treated with prejudice or

discrimination within the State of Florida or by Defendant in any fashion and Declare

the exercise of worship in the natural person in the form of Naturism is a Protected civil right historically a Biblical practice pleasing to God that neither prejudice nor discrimination will be tolerated that would in any way interfere with the lawful civil religious rights allowed of United States citizens to practice Naturism within the Beach-Park Land area or the State of florida. The Florida Supreme Court and State Courts and the Federal Court have repeatedly ruled that nudity is not illegal.

94. Declare that his Court finds Its duty Must be to Protect the allowed civil rights of Naturism from intrusion fear intimidation prejudice or discrimination of any kind and lifts the Class who practice Naturism out of State imposed unconstitutional law of religious prejudice into the liberty, allowed of United States citizens that is well supported by the Florida Supreme Court, Federal District Court for the Northern district of Florida, the Bible and Plaintiff's Request;

95. The RELIGIOUS FREEDOM RESTORATION ACT OF 1993 provides plaintiff and class with inalienable freedom of religious rights Protection and claim of defense against laws that interfere with plaintiff's exercise of religious beliefs, in the form of Naturism. This Court neutral to the issue of nudity within the State of Florida, is mandated to defend protect and uphold the Constitution of the United States and it's First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution that support plaintiff and his class are being prejudicially treated within the State of Florida in the deprivation of their religious exercise in their natural state of Naturism, and this

Court following its Mandated Responsibility does Declare plaintiff and his class are entitled to the Relief and Claim of Defense afforded to them by the Congress of the United States RELIGIOUS FREEDOM RESTORATION ACT OF 1993, SECTION 2 CONGRESSIONAL FINDINGS AND DECLARATION OF PURPOSES;

96.  Further the The Federal Court for the Northern District of Florida found that Florida's Anti nudity law violate the First and Fourteenth Amendment. This Court as mandated does Declare that plaintiff and his class of United States citizens who worship in the form of Naturism are United States Citizens exercising their civil rights allowed of U.S. citizens and the path of their ancestors Adam and Eve that they believe is most pleasing to God, requires them to be unclothed unashamed and unafraid in the perfect will and image of God. This Court there for finds this class are ENTITLED TO THE ABSOLUTE RITE OF DEFENSE provided in Section 2, and subsection b2 of the RELIGIOUS FREEDOM RESTORATION ACT OF 1993 with appropriate relief Granted.

Ninetieth Cause of Action

Violation of CIVIL AND RELIGIOUS RIGHTS AND DISCRIMINATION IN Violation of THE CONSTITUTION OF THE STATE OF FLORIDA

97.  PLAINTIFF incorporates by reference the allegations in paragraphs 1-96, above.

98. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged have violated the Constitution of the State of Florida

Article I section; 2, 3, 4, 5, 9, 10, 12, 23. Article II sections; 5, 7(a), 8., Article IV sections

1, 9, and Article VIII sections; 1(a)(f), 11, 18. Defendant Parties are each so charged

under civil remedy and prosecution.


Twentieth Cause of Action

Violation of HUMAN RIGHTS AND FAILURE TO  COMPLY WITH RESOLUTION in

Violation of THE UNIVERSAL DECLARATION OF HUMAN RIGHTS 1948

UNITED NATIONS RESOLUTION DECLARATION OF HUMAN RIGHTS 1994


99.  PLAINTIFF incorporates by reference the allegations in paragraphs 1- 98,
above.


100. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON have violated the Universal Declaration of Human Rights 1948

Article; 1., 2., 3., 5., 7., 8., 9., 10., 11. (2), 12., 13., 17., 18., 19., 21 (2), 22., 30.  Promoted

and signed by the United States of America and the United Nations Resolution 1994/

35 March 1994 (E/CN 4/ 104 annex) Articles; 8., 11., 25., and other aspects of the

Resolution's benefits and afforded protection of witnesses and victims under

international Resolution and the Universal Declaration of Human Rights.

101. Plaintiff and his class are entitled to the full protection afforded there in Strict security of U.S. citizens civil and religious rights and in the Declaration of Human Rights 1948 and United Nations Resolution of 1994, documents support plaintiff's request for relief and protection, is justly prayed for before this Honorable Court. Defendant Parties are each so charged under civil remedy and prosecution.

### Twenty First Cause of Action

Violation of DISCRIMINATION IN TREATMENT OF PERSONS in Violation of THE FLORIDA CIVIL RIGHTS ACT OF 1992 FL. ST. CHAPTER 760

102. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 101 , above.

103. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON it is alleged have violated the plaintiff and his class of United States citizens in a pattern of illegal discrimination. This cause of action incorporates other forms of relief the Honorable Court may provide where willful discrimination by defendant has violated the civil and religious rights of plaintiff and class, that are allowed of U.S. citizens. Criminalizing or purporting to criminalize plaintiff's exercise of religious beliefs is patently unconstitutional discrimination as is discrimination based on gender;

104. Florida Statutes Chapter 760 Florida Civil Rights Discrimination In Treatment of

Persons is at issue in addition to other forms of relief this Honorable Court may

provide. Fl. St. 760. 01 section; (1),(2) (3). 760.02 section; (1), (4), (5), (6), (10), (11),

(11)(b), (11)(d), 760.021 section; (1), (1)(a), (1)(b), (4), (5), and section 760.07, 760.08,

760.51 section; (1), (2). Defendant Parties are each so charged under civil remedy and

prosecution.

Twenty Second Cause of Action

Violation of CONSUMER PROTECTION in

Violation of  FL. ST. TITLE XXXIII CHAPTER 501 CONSUMER PROTECTION

105. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 104,

above.

106. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violated Florida Statutes Consumer Protection Title

XXXIII Chapter 501; sections .001 (1)(a), 1a, (c)2, .021, .022, .031, .046, .047, .055, .95,

.135, .2015, .203, .204 .205, .206, .207, .2077, .208, .2105, .211 Defendant Parties are

each so charged under civil remedy and prosecution.

Twenty Third Cause of Action

Violation of UNFAIR OR DECEPTIVE TRADE PRACTICES in

Violation of  DECEPTIVE AND UNFAIR TRADE PRACTICES ACT FL. ST. SECTION

501. 203 FEDERAL TRADE COMMISSION ACT 15 U.S.C. ss. 41 et seq.; AND FL. ST.

626.9927 AND 626.9521

107. PLAINTIFF incorporates by reference the allegations in paragraphs 1-106, above.

108. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON it is alleged violated  DECEPTIVE AND UNFAIR TRADE PRACTICES ACT FL. ST. SECTION 501. 203 FEDERAL TRADE COMMISSION ACT 15 U.S.C. ss. 41 et seq. AND FL. ST. 626.9927 AND 626.9521. Defendant Parties are each so charged under civil remedy and prosecution.

Twenty Fourth Cause of Action

Violation of MAKING THREATS EXTORTION in

Violation of MAKING THREATS EXTORTION FL. ST. 836.05

109. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 108, above.

110. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violated MAKING THREATS EXTORTION

FL. ST. SECTION 836.05. Defendant Parties are each so charged under civil remedy

and prosecution.


Twenty Fifth Cause of Action

Violation of TAMPERING TORTIOUS INTERFERENCE in

Violation of FL. ST. TAMPERING  CHAPTER 914


111. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 110,

above.


112. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violated TAMPERING FL. ST.  914; SECTION .21, .22,


.23, .24, .25. Defendant Parties are each so charged under civil remedy and

prosecution.


Twenty Sixth Cause of Action

Violation of FALSE PRETENSE AND FRAUDS in

Violation of FALSE PRETENSE AND FRAUDS FL. ST. CHAPTER 817

113. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 112, above.

114. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON it is alleged violated False Pretense and Frauds Fl. St. 817; sections .02, .06, .13, .21, .29, .40, .44, .561. Defendant Parties are each so charged under civil remedy and prosecution.

Twenty Seventh Cause of Action

Violation of EXPLOITATION OF U.S. CITIZENS AND SENIOR CITIZENS in Violation of EXPLOITATION FL. ST. CHAPTER 812 SECTION 812.012 AND 812.037

115. PLAINTIFF incorporates by reference the allegations in paragraphs 1-114 , above.

116. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON it is alleged violated EXPLOITATION FL. ST. CHAPTER 812 SECTION 812.012 AND OR 812.037. Defendant Parties are each so charged under civil remedy and prosecution.

Twenty Eighth Cause of Action

Violation of CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

in Violation of 42 U.S.C. 1985

117. PLAINTIFF incorporates by reference the allegations in paragraphs 1-116, above.

118. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON it is alleged violated CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS in Violation of 42 U.S.C. 1985 section (2) and (3). Defendant Parties are each so charged under civil remedy and prosecution. Defendant Parties are each so charged under civil remedy and prosecution.

Twenty Ninth Cause of Action

Violation of THE U.S. CONSTITUTION LAWS OR TREATIES OF THE UNITED STATES WHERE THE DISTRICT COURTS HAVE ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. 1331

119. PLAINTIFF incorporates by reference the allegations in paragraphs 1-118, above.

120. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violated THE U.S. CONSTITUTION LAWS OR

TREATIES OF THE UNITED STATES WHERE THE DISTRICT COURTS HAVE

ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. 1331. Defendant Parties are

each so charged under civil remedy and prosecution.


Thirtieth Cause of Action

Violation of DEPRIVATION OF CIVIL RIGHTS PRIVILEGES IMMUNITIES SECURED

BY THE U.S. CONSTITUTION AND LAWS in

Violation of 42 U.S.C. 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS


115. PLAINTIFF incorporates by reference the allegations in paragraphs 1-114 ,

above.


116. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,

RICHARD MASON it is alleged violated DEPRIVATION OF CIVIL RIGHTS

PRIVILEGES IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS OF THE


UNITED STATES in Violation of 42 U.S.C. 1983 CIVIL ACTION FOR DEPRIVATION

OF RIGHTS. Defendant Parties are each so charged under civil remedy and

prosecution.

Thirty First Cause of Action

Violation of CIVIL RIGHTS IN FURTHERANCE OF A CONSPIRACY OR FAILURE TO

PREVENT OR TO AID IN INTERFERENCE WITH CIVIL RIGHTS in

Violation of 28 U.S.C. 1343

117. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 116,
above.

118. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON,
RICHARD MASON it is alleged violated 28 U.S.C. 1343 Section; (a), (a)(1), (a)(2), (a)
(3), (a)(4) and AIDED IN INTERFERE WITH CIVIL RIGHTS IN FURTHERANCE OF A
CONSPIRACY OR FAILED TO PREVENT THE CONSPIRACY OR INTERFERENCE.
Defendant Parties are each so charged under civil remedy and prosecution.

Thirty Second Cause of Action

Violation of PARTICIPATION IN ORGANIZATION OF FRAUDULENT BUSINESS

DEALINGS WITH DISHONESTY IN RETURN FOR MONEY PROPERTY OR

EXCLUSION BY DISCRIMINATION FRAUD EXTORTION OR THREAT OF FORCE in

Violation of 18 U.S.C. 1962, RACKETEER INFLUENCED CORUPT ORGANIZATION

ACT  (RICO)

119. PLAINTIFF incorporates by reference the allegations in paragraphs 1- 118, above.

120. Defendant Parties; JOE A. MARTINEZ, JACK KARDYS, SHIRLEY MASON, RICHARD MASON it is alleged violated 18 U.S.C. 1962 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT. Violation; Organization of Fraudulent Business Dealings dishonesty in return for money in Violation of Racketeer Influenced and Corrupt Organizations Act by defendant as alleged Defendant violated the RICO Act 18 U.S.C. 1962 sections; (a), (b), (c), (d). Defendant Parties are each so charged under civil remedy and prosecution together with named and other participants.

121. Defendant named in the above styled Complaint and participants have derived income directly or indirectly from the alleged pattern of racketeering activity which affect, interstate and foreign commerce or assist in same, or invest any part of such income in any enterprise that affect interstate commerce section (a) of the RICO Act.

122. Defendant organization conspired to participate and engaged in dishonest and fraudulent business dealings exhibiting a pattern of fraud and willingness to act dishonestly in return for money and prejudicial intent or personal gain by defendant; extortion, fraudulent enterprise, corrupt organization, infringement or deprivation of civil rights, false misleading advertising and claims, unfair deceptive trade practices, conspiracy, negligence of duty, obstruction of justice and equal protection of law.

123. Defendant united enterprise of Racketeering took it's original objective of prejudice, to unconstitutionally confine and exclude plaintiff and his class from their use of public land property and facilities, by unconstitutional intimidation dishonestly and fraudulent schema. Defendant used false claim to cheat plaintiff and his class then that founding principal of corrupt defendant conduct and deliberate misinformation prayed on the plaintiff and his class for money power privilege prejudice and greed with wanton disregard for the law or ethical business conduct or the health safety and welfare of the plaintiff and his class, in a list of said, Causes of Action acts and obstruction of justice defendant confinement area schema have been an ongoing fraud perpetrated 365 days a year for the past 19+ years every day, defendant well qualified Racketeer Influenced and ongoing Corrupt Organization is of danger to a free society where defendant Government officials and defendant coconspirators and participants show contempt for the U.S. citizens civil religious and lawful rights and contempt for the Federal and State Supreme Court declarations in support of the freedom of clothing because of defendant prejudice and greed defendant took the law into their own hands illegally intending to cheat confine and exclude plaintiff and class.

124. Defendant does not own nor have the right to commercialize the subject Beach land that defendants lease or grant to their participants; commercial concerns and vendors. Defendant deface and destroy the peace tranquility and safety of the subject Beach and plaintiff's class who use the subject Beach property for worship in the form of Naturism and reverence. In defendant deceptive interference with commerce and

interstate commerce, defendants prayed upon plaintiff and class by defendants sale of lease and commercial use of land defendant did and do not own or have the right to make commercial, injured plaintiff and his class fraudulently and Deceptively. Plaintiff asks for 100% of all proceeds derived from any party to such lease of any form of commercial use of said subject Beach by defendant for the past 19 + years, times punitive damages because each party to such lease or commercial usage is and was in violation of the law and contracts engaged into in bad faith, in effect trespassing on the land and usage rights of the people, plaintiff and class. The defendant acts and their unjust enrichment was derived from fraudulent conspiracy. Defendant and all named participants are alleged to be in violation and furtherance of RICO as alleged.

## PLAINTIFF REQUEST FOR RELIEF

Good cause shown PLAINTIFF requests the following relief:

1. Declare that Defendant willfully infringed upon the civil rights of Plaintiff and Class pursuant to the First, Fourth, Fifth, and Fourteenth Amendment of the United States Constitution;

2. Declare that Defendant tortious interference with the civil and religious rights of Plaintiff and Class is unconstitutional and demonstrates a pattern of prejudice fraud and obstruction of justice;

3. Declare that Defendant has no power to enforce or threaten to enforce vague unconstitutional or unpublished law or regulations pursuant to the Fifth Amendment of the U.S. Constitution and 5 U.S.C. 552a. Defendant took the law into their own hands and discriminated against plaintiff and class with fraudulent inducement that, excluded the class from their lawful civil rights and use of 98% of the public subject lands property and facilities within in the Beach-Park Land area comprising 177 acres.

4. Declare that Defendant used, threats of the use of force under color of law or color of State authority unconstitutionally to deprive confine restrict and exclude plaintiff and his class from the exercise of Plaintiff and Class lawful civil and religious rights and use of public lands property and facilities;

5. Declare that Defendant untruthfulness and omissions, in negligence of their duty, and abuse of authority caused injury and loss of opportunity to Plaintiff and The Naturism Class;

6. Declare that the Defendant, tortious interference with the civil rights and exercise of religious beliefs of Plaintiff and the Naturism Class is unconstitutional discriminatory and illegal and has caused injury to Plaintiff and Class;

7. Declare that Plaintiff has prevailed on each of his Causes of Action 1- 32 as alleged;

have been proven and Plaintiff's Request for Relief is granted as judged to be

appropriate by this Court pursuant to each of Plaintiffs prevailing Causes of Action;

8. Declare that Defendant committed fraud and obstruction of justice on July 14, 1991

and each day there after, for more than 19 years of unconstitutional restriction of U.S.

citizens civil and religious rights, where the Defendant constructed a confinement cage

area in furtherance of a schema to confine and exclude Plaintiff and his Class

members by false imprisonment or confinement and discriminatory exclusion of the

opportunity to participate;

9. Declare that discrimination based on gender association or religious practice, are

unconstitutional civil rights infringements expressly prohibited to Defendant or any

State's interference. Discrimination inherent in any State's anti nude law is based on

gender discrimination and within the State of Florida Defendant unconstitutional acts

against Plaintiff and the Naturism Class is in part based on gender, because one

gender might or could see the other gender nude and discrimination based on gender

or exercise of religious beliefs is explicitly prohibited by the CIVIL RIGHTS ACT OF

1991 and the FLORIDA CIVIL RIGHTS ACT OF 1992 Defendant conduct is

unconstitutional. If only one gender existed in the State of Florida or any other U.S.

State there would be no anti nude law or enforcement because the other gender could

not see the other gender nude.

of the United States Constitution;

15. Enjoin the defendants from any form of interference with plaintiff and his class in the future or reprisal or continuation of oppression commercial presence or governmental interference;

16. Enjoin defendants or instrumentalities of government within the State of Florida from; excluding or restricting plaintiff and his class within the State of Florida from the opportunity to enjoy, their birth right, and civil rights and religious practice, in the form of Naturism, with out fear of arrest or imprisonment within the State of Florida;

17. Enjoin Defendant from harassment of plaintiff and his class, or exercise of undue authority, intimidation, deception, confinement, prejudicial treatment, or retribution against plaintiff and his class in the future;

18. Enjoin Defendant and participants from intruding or defacing nature upon the subject Beach owned by a third party the people of the State of Florida, Enjoin all Defendant commercialization of the subject Beach or Defendant paraphernalia of commercialization used or placed there upon in furtherance of the common Defendant Enterprise and Order the Removal of all Defendant and participant structures signs, fences, to allow the subject Beach to be returned to the Natural State it enjoyed in the areal photograph defendant Jack Kardys web site displays only nature with no

structures of any kind a pristine natural Beach is shown and all defendant cluttered that picture of Nature with must be removed (see Haulover Beach Park web page attached with arial photo) and defendant is Enjoined from any future placement of vehicles of commerce or means of commerce or personnel or structures or defendant or participant intrusion, surveillance, voyeurism, disturbance of the peace, that would interfere with plaintiff and his class in the religious worship or exercise of their civil rights;

19. Enjoin Defendant from continuing to violate each of Plaintiffs Causes of Action 1-32.

20. Plaintiff Request for any other forms of relief this Honorable Court May provide to protect Plaintiff and the Naturism Class.

21. Plaintiff request money damages award personally in the range determined by the Jury in the above styled Complaint and offers a suggested ten million dollar base amount times willful punitive or exemplary factor.

Respectfully submitted by Plaintiff Thomas Scott Wittbold this 26th day of May in the
year of our Lord 2011. Plaintiff affirms that his allegations are truthful and brought in
good faith founded in personal knowledge as attested to by Plaintiff's signature.

Thomas Scott Wittbold Plaintiff pro se

Office at 400 Kings Point Drive, #1504 Sunny

Isles Beach, Florida 33160. Telephone no. 786

286 2921 email: thomas.wittbold@live.com

Date May 27, 2011

DEFENDANT JACK KARDYS WEB SITE

Miami–Dade County – Park & Recreation – Haulover Beach Park                                           2/4/11 7:58 AM

 **Park & Recreation**

# Haulover Beach Park

**Address**                                    10800 Collins Avenue, Miami, FL





| | |
|---|---|
| **Phone Number** | 305-947-3525 |
| **Hours of Operation** | Sunrise to Sunset |
| **Amenities and Facilities** | |

Haulover Park contains one of south Florida's most beautiful beaches--a mile and a half stretch that draws people from all walks of life, from other states, Canada and a variety of other countries. Nestled between the Intercoastal Waterway and the Atlantic Ocean, it has pristine white sand shores, open ocean surf, various shaded picnic facilities, beautifully landscaped sand dunes, and concession stands. The beach is ideal for surfing as well as swimming.

The entire beach is guarded by well trained lifeguards, who will inform beach patrons of existing weather and surf conditions. Across the street from the beach, Haulover Park has a full-service marina, tennis courts, sundries shop and kite shops.

Tennis

Golf

Marina



# Kite-Making Workshop

 Take the family out for a memorable afternoon of making and flying kites by the sea.  This free event, presented by Skyward Kites will take place on Jan. 9 from 1 to 4 p.m.

 



and includes music and demonstrations of stunning artistry by kite masters representing Cuba, Haiti and Trinidad. Participants can bring their own kite-building materials or purchase a kite-building kit for $5 at the event.



**About Skyward Kites**
Recognized as one of the best places for people to fly kites in South Florida, the open space and fresh ocean breezes of Haulover Park make it the ideal location for Skyward Kites. Skyward Kites' kite shop has operated out of Haulover Park for nearly 18 years and boasts the largest selection of kites, windsocks and wind spinners in Miami, from $5 and up; in all shapes and sizes, from diamonds and deltas to Para-foils and box varieties. They can also create a custom kite according to your desired specifications. They're open 364-days a year (Closed Christmas Day), from 10 a.m. till sunset, with free parking for kite shop patrons. With the addition of a new state-of-the art solar-powered concession trailer in 2009, custom-built/designed by Ward himself, the kite shop now also has ice-cream treats and cold drinks available for purchase. Skyward Kites also offers Kite-Themed Birthday Parties. For information about kite activities and events at Haulover Park, contact Dan Ward at Syward Kites (305) 893-0906.

## Kite Festival



Kites of all shapes and sizes from around the world will fill the sky for this 18th annual seaside kite festival on Feb. 20 from noon to 5 p.m. featuring food, music and activities for kite-lovers of all ages, including kite competitions, kite-building classes and kites for purchase. Festival Admission is FREE. Parking is $6

## Haulover Park Tennis Center

305-940-6719

Haulover Park offers 6 lighted tennis courts and tennis lessons. The courts are on a first come, first serve basis and are wheelchair-accessible.

## Haulover Dog Park

The fee is $2.00.
This is a dog park user fee, not a parking fee.
A patron must have their dog in the vehicle to get this rate.
Payment is accepted in parking lots 3 & 4 only - must be paid in cash.
Dogs are only permitted in the dog park and must be on a leash when entering and leaving the dog park.

# Park & Recreation

## Mission & Values

### Mission Statement

We create outstanding Recreational, Natural and Cultural experiences to enrich you and enhance the quality of life for our community for this and future generations.

### Vision Statement

We will build a model park and recreation system to create a healthy, livable, sustainable community and enhance the quality of life for residents and visitors.

### Core Values

**Outstanding Customer Service**
Miami-Dade Park and Recreation provides outstanding customer service exemplified by a professional, effective, efficient, considerate and friendly attitude towards our community, visitors and co-workers.

**Enthusiastic Attitude and Teamwork**
Miami-Dade Park and Recreation works as a team based on respect for our co-workers, our community and our environment. Teamwork embodies loyalty to the Department's mission, vision, core values and goals in order to deliver outstanding parks and programs.

**Accountability and Integrity**
Miami-Dade Park and Recreation is responsive to the community we serve by building public trust and confidence. We provide dependable, consistent and quality facilities and programs.

**Creativity and Innovation**
Miami-Dade Park and Recreation fosters and supports innovative, dynamic and creative solutions, programs and projects placing the Department as a leader in our profession.

**Stewardship**
Miami-Dade Park and Recreation is a responsible and committed steward of the community's physical, natural and cultural resources creating a legacy for this and future generations.

**Inclusiveness and Accessibility**
Miami-Dade Park and Recreation provides parks, facilities and programs that are inclusive of the diverse residents of our community and are accessible to those with disabilities.

**Leadership and Professional Development**
Miami-Dade Park and Recreation fosters and supports life long professional development, training and mentorship by providing education and professional development opportunities which demonstrate best management, technical and leadership practices.

**Excellence**
Miami-Dade Park and Recreation fosters and supports excellence and professionalism in carrying out our mission, vision, and goals for the delivery of outstanding parks, programs and facilities.

DEFNDANT SHIRLEY MASO DEFENDANT RICHARD MASON WEB SITE

South Florida Free Beaches Florida Naturist Association                                        2/4/11 6:49 AM

## Haulover Beach Park

**Notice to tourists: Marked speeds in school zones are actively enforced with zero tolerance in Florida: 15 MPH means 15 MPH! Seat belt use is mandatory.**

Haulover Beach Park is a Miami-Dade County beachfront park with a designated clothing-optional area that was established by South Florida Free Beaches July 14, 1991. Parking $6 per car. Open approx. sunrise to sunset. Please note that on weekdays the direct entrance to the north parking lot is usually closed, but the lot can be accessed thru the boat ramp entrance immediately south. If the north lot is full, go to lot #1.

*features & amenities:* lifeguards; showers; restroom; food & drink stand; chair & umbrella rentals.

*prohibited:* glass containers; pets; entry into dunes; nudity outside posted area; lewd behavior anywhere (per Florida Statutes 800.03 & 800.04).

→ **Review park rules & naturist beach etiquette** ←

*handicapped access:* The small lot east of the road by the lifeguard headquarters is reserved for handicapped parking. Persons with disabilities parking in the lots west of the road may require assistance to negotiate the stairs in the pedestrian underpasses.

→ **Read the history of SFFB & Haulover Beach** ← (PDF)

→ **Photo history of SFFB & Haulover Beach** ←

*Please note for the following the tagged address is the park main office, about one-half mile south of the naturist area: 10800 Collins Avenue, Bal Harbour, FL, 33154.*

→ **Get driving directions on MapQuest** ←

→ **Get driving directions on Google Maps** ←

*(We have also provided written driving directions, a street map, and bus route information at the bottom of this page.)*

→ **View lodging by distance from Haulover** ←

**Vist the B.E.A.C.H.E.S. Foundation beach mall for fresh fruit, ice cream, smoothies, naturist apparel & books**





Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by hand delivery on all parties of record on the service list below within 5 days after the filing of this document May 27, 2011 filing date.

_____

Plaintiff Thomas Scott Wittbold pro se

SERVICE LIST

Defendant JOE A. MARTINEZ  office located at 111 NW 1st Street, Suite 220 Miami Florida 33128  Ph. 305-375-5511, Fax 305-375-5883, Email officeofthechair@miamidade.gov.

Defendant JACK KARDYS office located at 275 N.W. 2nd Street Miami Florida 33128. Telephone 305 755 7800. web site www.miamidade.gov/parks/parks/ hauloverpark._asp.

Defendant SHIRLEY MASON and Defendant RICHARD MASON office located at 10800 Collins Avenue, Miami Florida P.O. Box 530306 Miami Shores Florida 33153, www.sffb.com web site, telephone number 305 620 7090.