UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21922-Civ-COOKE/TURNOFF

THOMAS SCOTT WITTBOLD,

    Plaintiff

vs.

MIAMI-DADE COUNTY, *et al.*,

    Defendants.

_____/

**ORDER DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S SECOND AMENDED COMPLAINT**

THIS MATTER is before me on Defendant Miami-Dade County's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 77), Beach Education Advocates for Culture, Health, Environment, and Safety Foundation Institute, Inc.'s Motion to Dismiss (ECF No. 89), and South Florida Free Beaches/Florida Naturist Association's Motion to Dismiss (ECF No. 90).[1]  I have reviewed the filings, the record, and the relevant legal authorities.  For the reasons explained in this Order, Plaintiff's Second Amended Complaint is dismissed.

**I. BACKGROUND**

Plaintiff, Thomas Scott Wittbold, brings this action against Defendants Miami-Dade County (the "County"), Shirley Mason, Richard Mason, South Florida Free Beaches/Florida Naturist Association, Inc. ("South Florida Free Beaches"), and Beach Education Advocates for Culture, Health, Environment, and Safety Foundation & Institute, Inc. ("Beach Education

---

[1] Beach Education Advocates for Culture, Health, Environment, and Safety Foundation Institute, Inc. and South Florida Free Beaches/Florida Naturist Association are unrepresented by counsel.  Artificial entities such as corporations, partnerships, or unincorporated associations, however, cannot appear pro se.  *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  I will therefore deny these entities' motions without prejudice.  They may re-file when they are represented by counsel.

1

Advocates") for alleged violations of his First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff also asserts federal claims for violations of 18 U.S.C. §§ 2, 373(a), and 875(b). Additionally, Plaintiff asserts causes of action for violations of the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 509.092, 760, *et seq*.

The main thrust of Plaintiff's ninety-seven-page Second Amended Complaint is that Defendants violated his First Amendment right to freely practice his religion, which is Naturism, by fencing in an area of Haulover Beach, Florida, for nude sunbathing. Plaintiff claims that this amounts to religious discrimination because he cannot practice his religion outside the nude beach's confines. Plaintiff also alleges that Defendants harassed and intimidated him to "chill the . . . exercise of his religion, civil rights, and other rights. . . ." He claims that forcing him to worship in an "artificially created restrictive zone under false threat of arrest constitutes false imprisonment . . . ." Plaintiff claims that Miami-Dade County failed to adequately train and supervise its employees, and Defendants acted under color of state law to deprive him of his constitutional rights.

Additionally, Plaintiff alleges that Defendants threatened to ban him from the beach and prosecute him if he returned. He further alleges that he holds an annual parking pass for a parking lot near the beach, but the parking lot attendant warned him that he is no longer allowed to park there, and he would be arrested if he did.

Defendant Miami-Dade County (the "County") seeks to dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. I agree that Plaintiff fails to allege sufficient facts to state any claim upon which relief can be granted. Further, a review of the Second Amended Complaint reveals that most of Plaintiff's claims are clearly baseless.

## II. LEGAL STANDARDS

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. at 555).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs, Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). A lawsuit is frivolous if Plaintiff's "factual allegations are clearly baseless or . . . the legal theories are indisputably meritless." *Id.* (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)). A court also has the inherent authority to demand repleader sua sponte of a complaint that contains an inordinate amount of irrelevant factual matters, lumps defendants together, or consists of a shotgun pleading. *See Magluta v. Samples*,

256 F.3d 1282, 1284 n.3 (11th Cir. 2001).

## III. ANALYSIS

Plaintiff's Second Amended Complaint runs afoul of Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Second Amended Complaint contains thirty-two counts and is ninety-seven pages long. Much of this excessive length is due to the repetition of claims and irrelevant facts contained in each count. Each count contains numerous incomprehensible or irrelevant facts. Although each count is appropriately labeled, most of the factual allegations appear to relate to other, non-specified causes of action. As a result, it is difficult to ascertain exactly what the Plaintiff is alleging to support each claim. For this reason alone, dismissal with leave to amend is appropriate.

To provide a full analysis of the allegations and provide Plaintiff with notice of the deficiencies therein, I will consider each of Plaintiff's claims below. Because most of the counts in Plaintiff's Second Amended Complaint contain numerous irrelevant factual allegations, which could make up other possible, but not labeled, causes of action, I will rely on what Plaintiff labeled each count to analyze the claim.

### A. Constitutional Claims

Plaintiff labels as "General Allegations" Counts I, XII, XIX, and XXVI. Each of these counts contains a plethora of vague and conclusory allegations, which fails to state any cause of action. These counts are dismissed.

#### 1. *Failure to Implement Appropriate Policies, Customs, and Practices*

Count II states a claim against the County under § 1983 for "failure to implement appropriate policies, customs and practices." Counts XIII, XX, and XXVII assert claims under

§ 1983 for "failure to implement appropriate policies, customs and practices" against, respectively, Beach Education, Richard Mason, and South Florida Free Beaches. Each of these counts include vague and conclusory allegations, most of which are entirely irrelevant to the claims.

"A city may only be held liable under 42 U.S.C. § 1983 when the injury caused was a result of the municipal policy or custom." *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). To state such a claim, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004). Additionally, a plaintiff "must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." *Grech v. Clayton Cnty. Ga.,* 335 F.3d 1326, 1330 (11th Cir. 2003). To establish deliberate indifference, the plaintiff must show "that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action.'" *Lewis*, 561 F.3d at 1293 (quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).

Plaintiff does not identify which policies, customs, or practices he challenges. He makes only vague and conclusory allegations about the existence of any policies, customs, or practices, which allegedly injured him. He fails to identify the officials with final policymaking authority responsible for the alleged policies, customs, or practices. He also fails to allege that the County knew of a need to train or supervise its employees. Plaintiff therefore fails to state a claim for municipal liability under § 1983. *Cf. Quintanilla v. Miami-Dade Cnty.*, No. 09-20821-Civ., 2009

WL 3334343, at *1 (S.D. Fla. Oct. 15, 2009) (dismissing complaint where plaintiff did not identify the relevant policy or custom, or identify the final policymaking authority responsible for the alleged custom or policy that caused his injuries). Further, as against Beach Education, Richard Mason, and South Free Beaches, Plaintiff does not allege facts to establish that these organizations and this individual performed functions traditionally within the exclusive prerogative of the state, and therefore became the functional equivalent of the municipality. *See Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997). Dismissal of these claims with leave to amend is therefore appropriate.

### 2. *First Amendment Violations*

In Count III, Plaintiff alleges the County violated his First Amendment right to free exercise of religion. In Counts VII and X, Plaintiff alleges that Shirley Mason violated his First Amendment right to free exercise of religion. In Counts XIV and XVII, Plaintiff alleges that Beach Education Advocates violated his First Amendment right to free exercise of religion. Counts XXI and XXIV assert First Amendment free exercise of religion claims against Richard Mason. Counts XXVIII and XXXI assert First Amendment right of free exercise of religion claims against South Florida Free Beaches.

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must show (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Plaintiff alleges that the Defendants' use of fences and signs that prohibit nudity outside a confined area "amounts to deliberate indifference to the rights of the Plaintiff to freely exercise his religion." Based on the complaint allegations, it appears that Plaintiff can exercise his religion within the nude beach. Plaintiff does not allege how the fence or signs prevent him from exercising his

religion. As to Beach Education Advocates, the Masons, and South Florida free Beaches, he also fails to state that they acted under color of state law. These claims are each dismissed without prejudice, with leave to amend.

### 3. *False Arrest and Detention*

In Count IV, Plaintiff alleges the County falsely arrested and detained him in the fenced-in nude beach area. In Counts VIII, XV, XXII, and XXIX, Plaintiff asserts claims for "unlawful threat under color of state law of false arrest and false imprisonment" against Shirley Mason, Beach Education Advocates, Richard Mason, and South Florida Free Beaches, respectively.

Plaintiff fails to allege any facts to indicate that he was in fact arrested or detained by anyone, much less under color of state law. He does not allege any facts to suggest that he was confined to the nude beach area against his will or was not free to go at any time. Against the Masons, South Florida Free Beaches, and Beach Education Advocates, Plaintiff alleges that each of them "acted under color of state law by threatening to falsely arrest and detain" him. Plaintiff fails to allege any facts to support this allegation and show that the private defendants were actually acting under color of state law. Dismissal of these claims is therefore appropriate.

### 4. *Due Process Violations*

In Count V, Plaintiff alleges the County deprived him of his property without due process of law. In Counts IX, XVI, XXIII, and XXX, Plaintiff asserts similar due process violations claims against Shirley Mason, Beach Education Advocates, Richard Mason, and South Florida Free Beaches, respectively. In each of these counts, Plaintiff alleges numerous facts that are vague, conclusory, or apparently irrelevant to the claims.

From what this Court can discern, it appears that Plaintiff is alleging that Defendants have deprived him of his right to use the rest of Haulover Beach Park to practice his religion.

7

The Due Process Clause protects against the deprivation of "life, liberty, or property" without due process of law. Plaintiff's allegations regarding the denial of access to other parts of the public beach for nude bathing do not state a claim for a deprivation of a protected property interest under the Due Process Clause. *Cf. Arena Del Rio, Inc. v. Gonzalez*, 704 F.2d 27, 28 (1st Cir. 1983) (no deprivation of property without due process where state physically closed access road); *Woodbury v. City of Tampa Police Dep't*, No. 8:10-cv-0772-T-30AEP, 2010 WL 2557677, at *2 (M.D. Fla. Jun. 8, 2010) (no due process violation in restricting parent's right to access public school); *Boyington v. Geo Grp., Inc.*, No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642, at *2 (M.D. Fla. Sept. 25, 2009) (no deprivation of property without due process where prisoner was denied access to computer lab). To the extent Plaintiff argues Defendants deprived him of his right to use his annual parking pass, he fails to state sufficient facts about the parking pass for this Court to determine whether this is a cognizable property right. Further, as to the Masons, Beach Education Advocates, and South Florida Free Beaches, Plaintiff fails to allege sufficient facts to show that they each acted under color of state law to deprive him of a property right. For these reasons, these counts are dismissed with leave to amend.

### B. State Law Claims

In Count VI, Plaintiff claims that the County discriminated against him on the basis of his religion, in violation of the FCRA. In Counts XI, XVIII, XXV, XXXII, Plaintiff also asserts that Shirley Mason, Beach Education Advocates, Richard Mason, and South Florida Free Beaches, respectively, discriminated against him in violation of the FCRA.

The FCRA entitles people to the enjoyment of places of public accommodation without discrimination on the basis of race, color, national origin, sex, handicap, familial status, or religion. *See* Fla. Stat. § 760.08. Prior to bringing a civil action, a plaintiff alleging a violation

of the FCRA must file a complaint with the Florida Commission on Human Relations and follow the administrative pre-suit requirements. Fla. Stat. § 760.11. Plaintiff does not allege that he has done so. Accordingly, his FCRA claim must be dismissed. *See Gillis v. Sports Authority, Inc.*, 123 F. Supp. 2d 611, 615 (S.D. Fla. 2000) ("Where a plaintiff fails to allege in his complaint an exhaustion of administrative remedies under the FCRA, the complaint should be dismissed.").

### C. Claims based on Laws Providing no Civil Cause of Action

Plaintiff brings claims against each of the defendants under 18 U.S.C. §§ 2, 373(a), and 875(b). None of these statutes create a private civil cause of action. Section 2 defines when someone is punishable as a principal for a criminal offense. Section 373(a) is a criminal solicitation statute. Section 875(b) penalizes interstate communications that relate to kidnapping and other crimes. Counts IV, VIII, XV, XXII, XXIX are dismissed with prejudice to the extent they assert causes of action under these statutes.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 77) is **GRANTED**. The Plaintiff's Second Amended Complaint is **DISMISSED** *without prejudice*, except with regard to Plaintiff's claims pursuant to 18 U.S.C. §§ 2, 373(a), and 875(b), which are **DISMISSED** *with prejudice*. Plaintiff may file a Third Amended Complaint within fourteen days of the date of this Order.

2. Beach Education Advocates for Culture, Health, Environment, and Safety Foundation Institute, Inc.'s Motion to Dismiss (ECF No. 89) is **DENIED** *without prejudice*, and South Florida Free Beaches/Florida Naturist Association's Motion to Dismiss (ECF No. 90) is **DENIED** *without prejudice*. These entities are unrepresented by counsel.

3. The Clerk is directed to *administratively* **CLOSE** this matter. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 31st day of August 2012.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Thomas Scott Wittbold*, pro se
*Counsel of record*