**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 11-21922-Civ-COOKE/TURNOFF**

THOMAS SCOTT WITTBOLD,

     Plaintiff,

vs.

MIAMI-DADE COUNTY, *et al.*,

     Defendants.

_____/

**ORDER DISMISSING WITH PREJUDICE**
**PLAINTIFF'S THIRD AMENDED COMPLAINT**

THIS MATTER is before me on Defendant Miami-Dade County's Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint.  ECF No. 98.  I have reviewed the filings, the record, and the relevant legal authorities.  For the reasons explained in this Order, Plaintiff's Third Amended Complaint is dismissed with prejudice as to all Defendants.

**I. BACKGROUND**

Plaintiff, Thomas Scott Wittbold, brings this action against Defendants, Miami-Dade County ("County") and South Florida Free Beaches/Florida Naturist Association, Inc. ("SFFB") for alleged violations of his First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1988 and 2000(b)(b).  Third Am. Compl. ¶ 3, ECF No. 95.

The principle allegation of Plaintiff's fourth attempt at pleading is that the Defendants fenced in an area of Haulover Beach, Florida, for nude sunbathing violating

1

his First Amendment rights, and the First Amendment rights of millions of United States citizens, to freely practice their religion, Naturism.  *See id.*  ¶¶ 1-2.

Plaintiff alleges that County initiated a discriminatory policy or custom to "prohibit nudity outside of posted area" thereby illegally preventing Plaintiff from practicing Naturism on 97% of the 177-acre Haulover Beach Park.  *See id*. ¶ 1.  Further, Plaintiff alleges that the County's custom or policy constituted deliberate indifference to his constitutional right to freely exercise his religion.  *See id*. ¶ 2.

Plaintiff also claims that SFFB provided misinformation and acted under the color of state law when a lifeguard in 1991 and a beach ambassador in 2012 asserted that Plaintiff would be arrested and would go to jail if he, unclothed, went beyond posted signs reading "Clothing or Swimsuit Required Beyond this Point."  *See id*. ¶¶ 10-11. Plaintiff alleges that the posted signs are intended to "chill the lawful will of plaintiff and others" and that County is acting out of "skin visibility religious prejudice."  *See id.* ¶ 18-19.

Further, the Plaintiff contends that County made no meaningful effort to train its subordinates or employees as to the legality of nude sunbathing in Haulover Beach Park in order to intentionally mislead the public and establish a custom.  *See id.* ¶ 39.  Plaintiff contends that SFFB is a subordinate of County.  *See id.* ¶ 7.

Additionally, Plaintiff alleges that County violated Plaintiff's Fifth Amendment substantive due process rights and denied him equal protections of laws by infringing upon Plaintiff's rights to practice Naturism.  *See id.* ¶ 16.

County seeks to dismiss Plaintiff's Third Amended Complaint under Federal Rules of Civil Procedure 8(a)(2), 10(b) and 12(b)(6).  Plaintiff filed a Response to

County's Motion that includes a request for oral argument.  Resp. to Mot. to Dismiss, ECF No. 99.  County filed a Reply in support of its Motion to dismiss.  Reply to Mot. to Dismiss, ECF No. 104.

## II. Legal Standards

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face.").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. at 678.  Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Id.*  (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. at 555).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs, Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit.  *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008).  A lawsuit is frivolous if Plaintiff's "factual allegations are clearly baseless or . . . the legal theories

are indisputably meritless." *Id.* (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)). A court also has the inherent authority to demand repleader *sua sponte* of a complaint that contains an inordinate amount of irrelevant factual matters, lumps defendants together, or consists of a shotgun pleading. *See Magluta v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001).

### III. ANALYSIS

Plaintiff's Third Amended Complaint, like Plaintiff's previous attempts at a pleading, runs afoul of Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Third Amended Complaint is a lengthy and discordant collection of facts and baseless allegations of prejudice.

Plaintiff's Third Amended Complaint contains two counts. Count I alleges violations of Plaintiff's civil rights and a failure to implement appropriate policies customs and practices pursuant to 42 U.S.C. § 1983 against County and SFFB.[1] Plaintiff, in Count II, requests a declaratory judgment that Plaintiff no longer be treated with prejudice and "the Naturism Class" be labeled as a protected class under §2000(b)(b) of the Religious Freedom Restoration Act ("RFRA") of 1993.[2]

---

[1] It is unclear whether Count I against County includes SFFB as part of the County. The Mayor of Miami-Dade County and the Miami-Dade County Board of County Commissioners are mentioned in the Complaint; however, it does not appear that Plaintiff asserts any claim against the Mayor or the Board of County Commissioners in Plaintiff's Third Amended Complaint.

[2] Plaintiff, in his Response to County's Motion to Dismiss concedes §2000(b)(b) of the RFRA is invalid as applied to the County and defers to the Court's opinion to use any other form of appropriate declaratory relief. Resp. to Mot. to Dismiss 16. The RFRA as applied to States and their subdivisions was held unconstitutional in *City of Boerne v. Flores*, 521 U.S. 507, 536 (1997).

### A.  Pleading Standard

Plaintiff's Third Amended Complaint does not meet the pleading standards required by the Federal Rules of Civil Procedure.  The complaint is a cacophony of irrelevant facts, biblical quotations and personal opinions that fail to state any cause of action.  As a result, the pleading must be dismissed.

Plaintiff's Third Amended Complaint supplies many conclusions but contains few or no supporting facts to support these conclusions.  The Complaint repeatedly alleges prejudice on the part of County against those who practice Naturism.  Plaintiff states that County "did not want to adequately train their subordinate Defendant [sic] just wanted them to enforce Defendant County's prejudicial discriminatory policy of Exclusion [sic] of plaintiff and others lawful civil rights."  Third Am. Compl. ¶48.  This assertion appears on its face a baseless accusation of prejudice.

Plaintiff's Third Amended Complaint does not allege sufficient facts to make his claim "plausible" rather than merely "conceivable."  Pleading a claim "requires more than labels and conclusions." *Twombly*, 127 S. Ct. at 1964-65.  The mere possibility that Defendants acted unlawfully is insufficient to survive a motion to dismiss.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).

---

Plaintiff also asserts a new claim against Defendant Miami-Dade County Board of County Commissioners in his Response to County's Motion to Dismiss under the "Truth in Government" provision of the Citizens' Bill of Rights in the County Home Rule Charter.  This claim is not discussed in my analysis for two reasons.  First, the Plaintiff offers no factual allegations to indicate that a County official or employee knowingly provided false information to the public nor doe Plaintiff allege a separate cause of action for violation of this provision.  Secondly, Plaintiff did not raise a violation of the "Truth in Government" provision in his Third Amended Complaint and thus any claim under this provision must be disregarded in ruling on a motion to dismiss.  *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")

### B.  Constitutional Claims

Count I states a claim against the Defendants under § 1983 for "act[ing] under the color of state law to deprive Plaintiffs of certain constitutionally protected rights."  Third Am. Compl. ¶ 41.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must show (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law."  *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).  Plaintiff's claim fails to demonstrate a violation of his constitutional rights.

### *1. Violations of the First Amendment*

Based on the allegation in the Third Amended Complaint, Plaintiff has failed to demonstrate that he is unable to freely exercise his First Amendment rights.  Plaintiff claims his First Amendment rights to free exercise of religion, expression, and assembly are associated with his ability to freely sunbathe nude anywhere on the 177 acres of Haulover Beach Park.

There is no First Amendment right to sunbathe nude.  *See S. Fla. Free Beaches, Inc. v. City of Miami*, 734 F.2d 608, 609 (11th Cir. 1984) (affirming the lower court's holding that "nude sunbathing was not a form of expression protected by the first amendment" and holding that nude sunbathers possessed "no constitutional right of associating in the nude").

In *South Florida Free Beaches*, the plaintiffs sought declaratory and injunctive relief alleging that various state statutes and city of Miami ordinances unconstitutionally infringed on their right to sunbathe nude because nude sunbathing "is the practice by which they advocate and communicate their philosophy that the human body is

wholesome and that nudity is not indecent." *S. Fla. Free Beaches*, 734 F.2d at 609.  The Eleventh Circuit held that "the first amendment d[id] not clothe the[] plaintiffs with a constitutional right to sunbathe in the nude.  Neither d[id] they possess a constitutional right of associating in the nude."  The Florida Supreme Court, in a case challenging the anti-nudity law on a State beach, also "stress[ed] that nudity is not in and of itself a constitutionally protected activity" and "is subject to government limitations."  *McGuire v. State*, 489 So. 2d 729, 730-31 (Fla. 1986) (holding that topless jogging is not entitled to First Amendment protection).

Furthermore, it appears from the Third Amended Complaint that Plaintiff is able to practice his religion on a portion of Haulover Beach Park.  Third Am. Compl. ¶ 1.

To the extent that Plaintiff asserts a First Amendment claim against SFFB, Plaintiff also fails to state that SFFB acted under the color of state law.  Plaintiff fails to allege any facts to support his allegation that SFFB was actually acting under color of state law or that County delegated any authority to SFFB.

Plaintiff's First Amendment claims are dismissed with prejudice as to all Defendants.

### *2. Due Process Claims*

In Count I, Plaintiff alleges that County deprived him of his property without due process of law violating his Fifth Amendment rights.  Third Am. Compl. 18-24.  Plaintiff seems to assert similar due process violations against SFFB.  *See id.*  In this Count, Plaintiff alleges numerous facts that are vague, conclusory and irrelevant to the claims. *See id.*

In his Third Amended Complaint, Plaintiff alleges a property interest in Haulover Beach Park that entitles him to practice his religion anywhere in the Park.  The Due Process Clause protects against the deprivation of "life, liberty, or property" without due process of law.  U.S. Const. amend. V, § 1.  Denial of access to other parts of the public beach for nude sunbathing is not a deprivation of a protected property interest under the Due Process Clause because Plaintiff does not have a liberty interest in public nudity.  *S. Fla. Free Beaches*, 734 F.2d at 609.  Accordingly, Plaintiff is subject to Florida Statute § 800.03 which prohibits the exposure of one's sexual organs on public premises or the private premises of another.  *See State v. Petillo*, 250 So. 2d 264 (Fla. 1971) (holding that Florida Statute §800.03 prohibiting exposure of sexual organs is constitutional); *see also, e.g., Arena Del Rio, Inc. v. Gonzalez*, 704 F.2d 27, 28 (1st Cir. 1983) (finding no deprivation of property without due process where state physically closed access road)*; Woodbury v. City of Tampa Police Dep't*, No. 8:10-cv-0772-T-30AEP, 2010 WL 2557677, at *2 (M.D. Fla. Jun. 8, 2010) (finding no due process violation in restricting parent's right to access public school); *Boyington v. Geo Grp., Inc.*, No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642, at *2 (M.D. Fla. Sept. 25, 2009) (finding no deprivation of property without due process where prisoner was denied access to computer laboratory).  For these reasons, this count is dismissed with prejudice as to all Defendants.

### C.  Failure to Implement Appropriate Policies, Customs, and Practices

Count I states a claim against the County under § 1983 for "failure to implement appropriate policies, customs and practices."  Third Am. Compl. 21.  This count includes vague and conclusory allegations, most of which are entirely irrelevant to the claims.

"A city may only be held liable under 42 U.S.C. § 1983 when the injury caused was a result of the municipal policy or custom." *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). To state such a claim, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). To establish deliberate indifference, the plaintiff must show "that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Lewis*, 561 F.3d at 1293 (quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).

Plaintiff does not identify which policies, customs, or practices he challenges. He makes only vague and conclusory allegations about the existence of any policies, customs, or practices, which allegedly injured him. He also fails to allege that County knew of a need to train or supervise its employees. Plaintiff therefore fails to state a claim for municipal liability under § 1983. *Cf. Quintanilla v. Miami-Dade County.*, No. 09-20821-Civ., 2009 WL 3334343, at *1 (S.D. Fla. Oct. 15, 2009) (dismissing complaint where plaintiff did not identify the relevant policy or custom, or identify the final policymaking authority responsible for the alleged custom or policy that caused his injuries).

Further, as against SFFB, Plaintiff does not allege facts to establish SFFB performed functions traditionally within the exclusive prerogative of the state, and therefore became the functional equivalent of the municipality. *See Buckner v. Toro*, 116

9

F.3d 450, 452-53 (11th Cir. 1997) (finding that private entities performing functions traditionally within exclusive prerogative of state continue to enjoy protections of the Supreme Court's *Monell* decision).  These claims are dismissed with prejudice as to all Defendants.

### D.  Shotgun Pleadings

Plaintiff's Third Amended Complaint is a shotgun pleading and must be dismissed in its entirety.  The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.  *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  Shotgun pleadings are inconsistent with the requirement of Federal Rule of Civil Procedure 8(a) that a pleading be a "short and plain statement of the claim."  *Id*.  Furthermore, this type of pleading disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts.  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

Shotgun pleadings require the trial court decipher the pleading, sift out irrelevancies and match claims to facts.  The Eleventh Circuit has repeatedly refused to allow such pleadings because of the burdensome nature of such a task.  *See, e.g., Strategic Income Fund*, 305 F.3d at 1295 n.9 (collecting cases and noting that the court "has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay"); *Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001) ("Shotgun pleadings ... impede[ ] the due administration of justice and, in a very real sense, amount[ ] to obstruction of justice.") (internal citation omitted);

*Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("[Plaintiff's] complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (internal citation omitted).

Plaintiff's pleading is a quintessential shotgun pleading that runs afoul of Federal Rules of Civil Procedure 8(a) and 10(b).  In Count II of Plaintiff's Third Amended Complaint, he "incorporates by reference the allegations set forth in" the fifty-two paragraphs that precede that claim, including the entirety of Count I.  As a result, Count II contains irrelevant factual allegations and legal conclusions.  The structure of Plaintiff's pleading requires the court to sift through rambling irrelevancies and match facts to claims.  The pleading also fails to comport with Rule 10(b)'s requirement that discrete claims should be plead in separate counts because the Complaint incorporates Count I in Count II.

## IV. CONCLUSION

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course at any time before a responsive pleading is served.  However, a district court need not allow a plaintiff to amend a complaint if the amendment would not serve to cure the defective pleading.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).  In this case, there is no indication that a more carefully worded complaint would make Plaintiff's complaint sufficient to state a valid cause of action within the jurisdictional purview of the federal district court.  *See Hall v. United Ins. Co. of Am.*, 267 F.3d 1255, 1263 (11th Cir. 2004).

Furthermore, Plaintiff has now filed four complaints and yet still fails to meet the

pleading standards. Plaintiff's claims remain a "labyrinth of claims, counts, accusations and repetition." *Lampkin-Asam v. Volusia County Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. 2008) (affirming dismissal of second amended complaint with prejudice for violating Federal Rule of Civil Procedure 8 and holding, "The district court gave [the plaintiff] two opportunities to amend her complaint, and she failed to correct the deficiencies in it. Such leniency would have been sufficient even if [the plaintiff] was a typical *pro se* litigant").

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint, ECF No. 98, is **GRANTED**.

2. The Plaintiff's Third Amended Complaint is **DISMISSED with prejudice as to all Defendants**.

3. Plaintiff's request for oral argument is **DENIED** *as moot*.

4. All pending motions, if any, are **DENIED** *as moot*.

5. The Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** in chambers at Miami, Florida, this 27th day of June 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*